In the Matter of the Claim of PETER MASTRODONATO, Respondent, against PFAUDLER Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier have appealed from a decision of the Workmen's Compensation Board denying their application for reimbursement from the Special Disability Fund pursuant to subdivision 8 of section 15 of the Workmen's Compensation Law. It is undisputed that on August 6, 1945, claimant suffered a compensable industrial accident, which resulted in a herniated intervertebral disc and an operation therefor. He was paid compensation to February 25, 1946, for 28⅝ weeks of disability. Though permanently partially disabled, he worked thereafter. By reason of claimant's pre-existing physical impairment, the claim was found to be subject to the provisions of subdivision 8 of section 15. The board has found that, though claimant has had no loss of earnings since February 25, 1946, as a result of the accident, he requires medical care and treatment. That care and treatment have been provided by the carrier, for which it claims reimbursement after the 104-week period and up to 1952. The only question here is the validity of such claim. On review the board ruled against appellants' claim with the statement, "we find that the carrier is responsible for medical care up to and until the claimant has had 104 weeks of disability for

which compensation has been paid." Paragraph (d) of subdivision 8 of section 15 provides for reimbursement "for all compensation and medical benefits subsequent to those payable for the first one hundred four weeks of disability." The word "and" is not designed to be read as a disjunctive. Compensation is defined in section 2 as "the money allowance payable to an employee or to his dependents as provided for in this chapter, and includes funeral benefits provided therein." "But it is apparent from the whole scheme of the statute that the 104 weeks run only during a period in which compensation is due the claimant." (*Matter of De Maroney* v. *Bennett Junior Coll.*, 282 App. Div. 538, 539.) Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.