ARGO OIL CORPORATION, Plaintiff and Appellant and STATE, Defendant and Appellant v. LATHROP et al., Defendants and Respondents

(72 N.W.2d 431)

(File Nos. 9496-9497. Opinion filed October 20, 1955)

Rehearing denied November 19, 1955

72

**Eastman & Eastman,** Rapid City, for Argo Oil Corp.

**Ralph A. Dunham,** Atty. Gen., **Benj. D. Mintener, W. O. Knight,** Asst. Attys. Gen., for State of South Dakota, Appellants.

**T. E. Wirkus,** Philip, for Floyd O. and Tressa B. Gabriel.

**Whiting, Wilson & Lynn,** Rapid City, for J. L. O'Connell, Kerr-McGee Oil Industries, Inc., and Phillips Petroleum Co.

**Otto A. Gruhm,** Omaha, for The Federal Land Bank of Omaha, Respondents.

SICKEL, J. This is an action brought by Argo Oil Corporation, plaintiff and appellant, to determine the ownership of the mineral rights in property situated in Pennington

County. The State of South Dakota, defendant, answered claiming to be the owner of all the oil, gas and mineral rights in the land subject only to the rights of the plaintiff under a mineral lease executed by the Rural Credit Board, a department of the state government, to R. E. Driscoll, Jr., trustee, dated April 25, 1950. This lease was assigned to plaintiff on May 1, 1952.

It is the contention of the plaintiff and the State that the State acquired the land by deed from E. T. McDonald, the owner, in August 1935; that the mineral rights in the land were thereafter reserved to the State, as such owner, by Ch. 308, S.L. 1919; that the reconveyance of the land by the State to McDonald in November 1935 was subject to such reservation whether incorporated in the deed or not. It is the contention of the defendants, other than the State, that the conveyance by the State to McDonald conveyed all the mineral rights in the land to the guarantee, and that those rights were conveyed by McDonald to them. The circuit court decided that the Argo Oil Corporation, plaintiff, and the State of South Dakota, defendant, have no right, title or interest in the property involved in this action, and quieted the title as against them. The Argo Oil Corporation and the State of South Dakota appealed.

The first issue involved in this appeal is whether or not the reservation of oil, gas and mineral rights contained in Ch. 308, S.L. 1919 is applicable to the land acquired by the State through the Rural Credit System.

Ch. 308, S.L. 1919, SDC 55.0203, provides:

"Section 1. All sales, leases and conveyances of lands belonging to the State of South Dakota or to which it may now or hereafter be entitled, including all common school, public buildings and endowment lands, shall be subject to and contain a reservation to the State of South Dakota of all deposits of coal, ores, metals and other minerals, asphaltum, oil, gas and other like substance in such lands, together with the right to prospect for, mine and remove the same upon rendering compensation to the owner or lessee for all damages that may be caused by such prospecting or removal; and all money and proceeds derived from the sale or lease of the property and rights reserved by and under the pro-

visions of this section shall inure to the benefit of the funds for which said lands are held by the state or any of its departments. Such reserved deposits shall be disposed of only in the manner hereafter expressly provided by law.

"Section 2. All acts and parts of acts in conflict with the provisions of this act are hereby repealed."

■ ■ The generally accepted rule of statutory construction is that the court shall, by all aids available, ascertain and give effect to the intention or purpose of the Legislature as expressed in the Statute. 82 C.J.S., Statutes, § 321. The intention of the Legislature is to be ascertained by the court primarily from the language used in the statute, with the aid of the canons of construction. 82 C.J.S., Statutes, § 322; Boehrs v. Dewey County, 74 S.D. 75, 48 N.W.2d 831; Elfring v. Paterson, 66 S.D. 458, 285 N.W. 443.

Respondents reason that because the substantial holdings of "common school, public buildings and endowment lands" of the State are specifically enumerated in the statute, it must be construed as excluding the Rural Credit lands which are not expressly mentioned. They rely upon the maxim "Expression unius est exclusio alterius".

■ ■ The general rule that the express mention of one thing in a statute implies the exclusion of another "is merely an auxiliary rule of statutory construction, to be applied with great caution; it is not a rule of substantive law, or a constitutional command. The maxim is not of universal application, or conclusive as to the meaning of a statute; and it does not constitute a formula for construction to be arbitrarily applied". 82 C.J.S., Statutes, § 333 b; Rehurek v. Rapid City, 65 S.D. 542, 275 N.W. 859.

In the case of Springer v. Government of Philippine Islands, 277 U. S. 189, 48 S.Ct. 480, 484, 72 L.Ed. 845, 851, the opinion by Justice Sutherland states: "The general rule that the expression of one thing is the exclusion of others is subject to exceptions. Like other canons of statutory construction it is only an aid in the ascertainment of the meaning of the law, and must yield whenever a contrary intention on the part of the lawmaker is apparent. Where a statute contains a grant of power enumerating certain things

which may be done and also a general grant of power which standing alone would include these things and more, the general grant may be given full effect if the context shows that the enumeration was not intended to be exclusive".

■■■ Here the statute contains a general restraint upon the power of the executive branch of the government to alienate the mineral rights in any real property belonging to the State. Standing alone, this general provision of the statute reserves to the State the mineral rights in all land belonging to it at the time of the enactment, or thereafter acquired. The addition of the phrase "including all common school, public buildings and endowment lands" was not intended as a limitation on the scope of the reservation. As said by the Supreme Court of the United States in Federal Land Bank of St. Paul v. Bismarck Lumber Co., 314 U.S. 95, 62 S.Ct. 1, 4, 86 L.Ed. 65, 70: "We recently had occasion under other circumstances to point out that the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle". Our conclusion is that Ch. 308, S.L. 1919 was applicable to all lands held or acquired by the Rural Credit Department.

The circuit court decided that Ch. 308, S.L.1919, the mineral reservation act, was "expressly" repealed or amended by Ch. 266, S.L. 1925 and Ch. 187, S.L. 1927 so as to authorize the sale of the mineral rights of the State in the Rural Credit Lands.

■ ■ The repeal of a law is either express or implied. It is express when literally declared by subsequent law. It is implied when the later statute contains provisions repugnant to, or inconsistent with, previous enactments. Ex parte Kang-Gi-Shun-Ca, 109 U. S. 556, 3 S.Ct. 396, 27 L.Ed. 1030; Gray v. De Bretton, La.App., 184 So. 390, 393.

■ ■ The Acts referred to above contain the general repealing clause that: "All acts and parts of acts in conflict herewith are hereby repealed". The above clause was referred to by this court in Jacobi v. Clarkson, 60 S.D. 401, 244 N.W. 535, as the "blanket repeal" which adds nothing to the repealing effect of the statute. The 1925 and 1927 statutes, referred to above, made no reference to Ch. 308,

S.L. 1919 and the earlier statute was not expressly repealed by the later one.

Respondents refer to Ch. 266, § 3(e), S.L.1925 which authorizes the Rural Credit Board: "To sell, transfer and convey all real and personal property acquired under the provisions of this act, or which may be hereafter acquired". The identical provision is carried forward into the amendment made by Ch. 187, S.L.1927 and is found at § 4(e). Respondents contend that this authority to sell includes the mineral rights reserved in Rural Credit lands by Ch. 308, S.L.1919 and that the reservation of mineral rights so made was to that extent amended by implication. The question of the repeal of a statute by implication was considered in the case of Baird v. Mall, 57 S.D. 309, 316, 232 N.W. 47, 50, where this court said: "The repeal of a statute by implication is not favored, and unless there is an unavoidable repugnancy between the later law and the former one, no repeal by implication is effected".

The opinion of this court in the case of Brookings County v. Sayre, 53 S.D. 350, 354, 220 N.W. 918, 920, states: "The courts do not favor repeals by implication, and it is the duty of this court to give effect to both enactments if their provisions can be reconciled".

Substantially the same authority to sell, as that referred to above, was contained in the original Rural Credit Law, Ch. 333, § 5, S.L.1917. It is there provided that the Board shall have power "to acquire and dispose of such property, real and personal, as may be necessary or convenient for the transaction of its business * * *". The original Rural Credit Law became subject to the reservation of mineral rights made by Ch. 308, S.L.1919. The 1925 and 1927 statutes were merely reenactments of the 1917 law. They contain nothing to indicate an intention on the part of the Legislature to exempt Rural Credit land from the operation and effect of the reservation statute.

Ch. 308, S.L.1919 also provided that the mineral deposits in State lands "shall be disposed of only in the manner hereafter expressly provided by law". The clause quoted above, as here used, is a legislative rule of interpre-

tation applied to this particular statute, the purpose of which was obviously to prevent the repeal or amendment of the statute by implication. The only provision expressly provided by law for the disposition of the mineral rights in Rural Credit lands is by lease under § 7, Ch. 266, S.L. 1925 and § 16, Ch. 187, S.L.1927.

 It is therefore our conclusion that Ch. 308, S.L.1919 became a part of the deed executed by the Rural Credit Board "and must be read into it just as if an express provision to that effect were inserted therein * * *". 12 Am.Jur., Contracts, § 240.

The judgment of the circuit court is reversed.

All the Judges concur.