SKILLMAN *v.* ABRUZZO.

1. COUNTIES—ORDINANCES—STATUTES.
   An ordinance passed by the board of supervisors which contravenes a State statute is invalid.

2. SAME—RETIREMENT SYSTEM FOR COUNTY EMPLOYEES—CONSTRUCTION OF STATUTES—INCLUDE.
   The term "include," as used in portion of statute defining who were county employees, within meaning of enabling statute

---

. REFERENCES FOR POINTS IN HEADNOTES
[2] 50 Am Jur, Statutes § 266 *et seq.*
[3] 50 Am Jur, Statutes § 291 *et seq.*

permitting boards of supervisors, in setting up a county retirement system, "to include all persons who receive more than 50 per cent of all compensation for personal services, rendered to governmental units, from county funds" is there used as a term of enlargement, making it mandatory to include all who were receiving 50% or more and leaving it discretionary with the board as to whether more should be included (PA 1851, No 156, § 129, as added by PA 1943, No 249, and amended by PA 1945, No 68).

3. SAME—CONSTRUCTION OF ORDINANCES—STATUTES—EMPLOYEES RETIREMENT SYSTEM.

Ordinance adopted by county board of supervisors, defining county employee under county employees retirement system to include employees of the county who received 40% or more of their compensation from county funds, was not invalid because of fact that enabling statute contained a similar definition to include those who received 50%, in view of common usage of the term "include," absence of language indicating the term being intended to be one of limitation, rather than enlargement, and a succession of amendments liberalizing, rather than restricting application of the act (PA 1851, No 156, § 12a, as added by PA 1943, No 249, and amended by PA 1945, No 68).

4. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES AND ORDINANCES—COUNTY EMPLOYEES RETIREMENT SYSTEM.

No costs are allowed in mandamus proceeding by recorder's court judge who received 42% of his salary from the county where he presided to compel trustees of county employees retirement system to enroll him as a member under existing statutes and ordinances, a public question being involved in the construction of such enactments (PA 1851, No 156, § 12a, as added by PA 1943, No 249, and amended by PA 1945, No 68).

Appeal from Wayne; Sweet (Lucien F.), J., presiding. Submitted October 18, 1957. (Docket No. 91, Calendar No. 47,090.) Decided March 7, 1958.

Mandamus by W. McKay Skillman, Judge of the Recorder's Court of the City of Detroit, against Anthony M. Abruzzo and others, trustees and officers of Wayne County Employees Retirement System, to compel them to enroll him as a member

in good standing in the retirement system. Judgment for plaintiff. Defendants appeal. Affirmed.

*Henrietta Rosenthal, Lester P. Dodd* and *Crawford, Sweeny, Dodd & Kerr,* for plaintiff.

*Ralph Garber,* Acting Prosecuting Attorney, *Hobart Taylor, Jr.,* and *Elizabeth L. Stack,* Assistant Prosecuting Attorneys, for defendants.

DETHMERS, C. J.   Plaintiff, a judge of the recorder's court of the city of Detroit, brought mandamus in circuit court to compel the defendants, trustees of the Wayne county employees retirement system and other county officials, to enroll him as a member of the retirement system. The court found for plaintiff, ordered the writ to issue as prayed, and defendants appeal.

Plaintiff received approximately 42% of his judge's salary from Wayne county and the remainder from the city of Detroit, receiving no other compensation for personal services rendered to governmental units.

PA 1943, No 249, § 12a,* provided, in part:

"The said several boards of supervisors shall have power and they are hereby authorized at any meeting thereof lawfully held:   *   *   *

"Second, To adopt and establish a plan whereby their respective counties shall purchase or participate in the cost of group retirement annuities for the *employees* of their respective counties and of the several offices, boards and departments thereof." (Emphasis supplied.)

In 1944 the Wayne county board of supervisors proceeded, under this enabling act, to adopt an ordinance creating the Wayne county employees retirement system and it was set up accordingly.

---

* Adding section 12a to PA 1851, No 156.—REPORTER.

P.A. 1945, No 68, amended the above provisions of the 1943 act by inserting before the word "employees" (italicized above) the word "county" to make it now read "county employees," and by adding the following definition:

. "The term 'county employee,' when used in this section is hereby defined to include all persons who receive more than 50 per cent of all compensation for personal services, rendered to governmental units, from county funds or county road funds, except persons engaged for special services on a contract or fee basis. All persons included within the definition of 'county employee' shall be deemed to be employed by said county for the purposes of this section." CL 1948, § 46.12a (Stat Ann 1945 Cum Supp § 5.333[1]).

In 1945 the board of supervisors amended its ordinance to embody the above-quoted definition of the 1945 act. In 1955 the board again amended the ordinance, substituting the term "40%" for "50%" in its definition of "county employee." Accordingly, plaintiff, with 42% of his salary paid by the county, qualifies for enrollment under the present definition in the ordinance.

Plaintiff's right to be enrolled rests on the validity of the ordinance definition. Defendants contend and he concedes, we think rightly, that the ordinance is invalid, with respect to its definition of county employee, if it contravenes the statute. Does it? This depends on the meaning of the pertinent provisions of the statute. What was the legislative intent in providing that " 'county employee,' when used in this section is hereby defined to include all persons who receive more than 50 per cent of all compensation for personal services, rendered to governmental units, from county funds." As the briefs of the parties, in effect, phrase the question, is the word

"include" used in the definition as a term of enlargement or of limitation?

For the proposition that the word "include" is not ordinarily a word of limitation, but, rather, of enlargement, plaintiff cites 42 CJS 525; *People* v. *Western Air Lines,* 42 Cal2d 621 (268 P2d 723); *El Paso Electric Co.* v. *Safeway Stores* (Tex Civ App), 257 SW2d 502; *Argo Oil Corporation* v. *Lathrop,* 76 SD 70 (72 NW2d 431); *People* v. *Lane-Marvey Corp.,* 203 Misc 413 (114 NYS2d 467). While recognizing that "include" is generally so used, defendants say that in context it must be considered a limitation, citing 3 cases in which they urge that the pertinent statutory provisions are similar to those at bar, namely, *Television Transmission, Inc.,* v. *Public Utilities Commission,* 47 Cal2d 82 (301 P2d 862); *In re Martinez,* 56 Cal App2d 473 (132 P2d 901); and *Blankenship* v. *Western Union Telegraph Co.* (CCA), 161 F2d 168. The purposes sought to be served by, and the language of, the statutes involved in these cases lead more logically to the conclusions reached by the courts therein than do those at bar. Decisions in these cases have a less compelling application to the statute and situation here under consideration.

Defendants attach significance to the fact that the 1945 amendment not only incorporated the definition but also changed the term applied to those who might come within coverage of the act from "employees of their respective counties" to "county employees of their respective counties." We fail to discern in this change anything shedding light on the legislative intent as expressed in the statute's definition. Defendants say, further, that the definition is one of limitation because "there is not contained therein a genus or principal class to which some other or subclass is being added by enlargement" and that "since there is no general class or genus within

which the lesser class may be included, the definition prescribes the class itself and is all inclusive, being a term of limitation." This captivating reasoning overlooks the fact, conceded by both sides, that under the 1943 act it was left to the discretion of the board of supervisors to determine who were employees permitted to come within the beneficent provisions of the ordinance. Thus, the board could provide benefits for none or for those only who received 100% of their compensation from the county or for any others as it might deem proper. Accordingly, it may well be reasoned that within the general class with respect to which, or any part of which, the 1943 act permitted the board to either extend or withhold benefits the 1945 amendment's definition prescribed an included group to which the board could no longer deny enrollment if it permitted it to anyone. So considered, the definition of 1945 serves the purpose not of prescribing an all-inclusive class, but, rather, of requiring that within the class permitted by statute inclusion of the group specifically defined is mandatory.

In view of the meaning accorded the word "include" by ordinary common usage, the effect generally given it by the courts unless the context clearly indicates a contrary legislative intent, the beneficent purpose of the statute in question, the legislative history of this legislation which discloses that amendments made from time to time in each instance tended to liberalize rather than restrict application of the act,[*] and the fact that no other language in the statute indicates an intent that the term be given other than its ordinary commonly attributed meaning, we are persuaded that the legislative intent in adopting the 1945 amendment and definition was to enlarge rather than limit, that the statute requires

---

[*] See PA 1947, No 111; PA 1949, No 201; PA 1951, No 95; PA 1953, No 205; PA 1954, No 149; PA 1955, No 69; PA 1957, No 280.—Reporter.

inclusion of those mentioned in its definition, and that it leaves to the discretion of the board inclusion of those receiving 50% or less of their public salaries from the county.

Affirmed. No costs, a public question being involved.

CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.