STATE ex rel. JOHNSON, Appellant

v.

SUNSHINE FOOD MARKETS, INC., Respondent

(171 N.W.2d 508)

(File No. 10589. Opinion filed October 22, 1969)
Rehearing denied November 14, 1969

**Gordon Mydland,** Atty. Gen., **Thomas R. Vickerman,** Asst. Atty. Gen., Pierre, for appellant.

**John E. Burke,** Sioux Falls, for respondent.

RENTTO, Judge.

This appeal brings before us, for the first time, the Dairy Industry Marketing Act which came into our law as Ch. 9, Laws of 1966 and appears now in SDCL 1967 37-3-8 to 37-3-72, inclusive.

In addition to prohibiting enumerated practices in the marketing of selected dairy products, it created a South Dakota Dairy Products Marketing Commission, and charged it with the duty of determining minimum dock and wholesale prices of designated dairy products. The act itself prescribes the manner in which minimum retail prices are determined on products for which wholesale prices have been fixed. This litigation involves a claimed violation of the required minimum price in the retail sale of ice cream.

The Secretary of Agriculture is entrusted by the act with its administration and enforcement. On the claim that the defendant is violating the act by selling ice cream in 1/2 gallon containers at less than the minimum retail price, the secretary,

as specifically authorized in SDCL 1967 37-3-63, brings this action to enjoin the defendant from continuing such violations. On a trial to it the court held the sales involved permissible. From a judgment dismissing his complaint the secretary appeals.

██ The defendant processes its own ice cream and sells it at retail in the eight markets it operates in Sioux Falls in 1/2 gallon containers for $.59. The secretary claims that the minimum price applicable to such sales is $.649. He claims that the defendant in so doing violates the provisions of SDCL 1967 37-3-10. That section states:

> "It shall be unlawful for any processor, distributor or retailer to sell, advertise, or offer for sale any dairy product for less than the wholesale price established by the dairy products marketing commision, or the wholesale price plus that portion of the cost of doing business, as defined in § 37-3-9, when sold by a retailer."

Since the sales in question were at retail the minimum price applicable must be determined pursuant to the last phrase of the quoted section.

The first portion of this statute making it unlawful to sell any dairy product for less than the wholesale price established by the commission applies only to processors or distributors. While retailers are named therein the last phrase of the statute removes them from its operation. Retailers are made subject to the second phrase and required thereby to sell such product for not less than the wholesale price plus a portion of their cost of doing business. Manifestly they could not be subject to both aspects of the statute.

██ The legislature has itself designated those who come within the coverage of the second phrase. In § 37-3-9(7) it provided that:

> " 'Retailer' shall mean any person engaged within this state in the business of operating any retail establish-

ment including drugstores, grocery stores, hotels, restaurants or automatic vending machines from which sales of dairy products are made for consumption and not for resale."

Clearly the defendant is a retailer within the meaning of this provision. It is as such that he is charged with violating the law in this proceeding. Even though he may be a distributor as defined in § 37-3-9(6), in selling at retail he is subject to the requirements of § 37-3-10 made applicable to retailers.

The secretary reads this language as prohibiting the defendant from selling its ice cream at less than the minimum wholesale price established by the commission, which was $.59 in 1/2 gallon containers, plus its cost of doing business. The defendant urges that since it processes its own ice cream it should be permitted to use its costs of production as its "wholesale price". The court adopted the view of the defendant and found its cost of producing 1/2 gallon of vanilla ice cream to be $.433. Adding to this its proportionate cost of doing business by reason of the product involved, the court concluded that defendant's sales were not in violation of the required minimum price. In so doing we think it erred.

 The court in arriving at its conclusion relied on SDCL 1967 37-3-9(10) which states that:

" 'Cost to the retailer' shall mean the wholesale price paid by the retailer for dairy products plus that portion of the retailer's overhead or cost of doing business properly allocable to such dairy products, which cost of doing business shall include the same items as are enumerated in the definition of cost to the processor distributor. There shall be a presumption that, in the absence of specific evidence to the contrary, the cost to a retailer is not less than the net price paid by the retailer for a unit or package of a dairy product, or, in the case of a retailer which processes its own dairy products, its cost thereof at its plant dock, plus an amount representing such retailer's cost of doing business, computed

as ten per cent of such net price or cost where delivery to the retail store is not performed by the retailer, and fifteen per cent where delivery is performed by the retailer."

We believe that "cost to the retailer" as determined by using this formula was not intended by the legislature to be substituted for or be the equivalent of the term "wholesale price" appearing in § 37-3-10 as applied to this defendant as a retailer.

The intention of the legislature is to be ascertained primarily from the language used in the statute. Argo Oil Corp., v. Lathrop, 76 S.D. 70, 72 N.W.2d 431; National College of Business v. Pennington County, 82 S.D. 391, 146 N.W.2d 731. By the term "the wholesale price" as used in the last phrase of § 37-3-10, the legislature obviously intended "the wholesale price established by the Dairy Products Marketing Commission" which term it had used in the first phrase of the section. The general term relates back to the specific and is limited thereby. 82 C.J.S. Statutes § 332. With language which is plain and unambiguous there is no occasion for construction. State ex rel. Widdoss v. Esmay, 72 S.D. 270, 33 N.W.2d 280. Nor are we at liberty to disregard plain, clear words used by the legislature in a statute. Accordingly, we concur in the secretary's view of this portion of the statute.

If the legislature had intended by this term to mean "cost to the retailer" we think it would have said so. That is what it did in proscribing a related marketing practice. In defining an element of the marketing practice prohibited by § 37-3-11 the legislature used this language—"to sell any dairy product for less than the cost thereof to such processor, distributor or retailer". To make definite what it meant by the quoted language it adopted § 37-3-9(9) as to processors or distributors and § 37-3-9 (10) as to retailers. The only portion of the latter that has any relation to the matter in issue is the definition of the retailer's cost of doing business. This item is separate and apart from the cost of the product to it.

■ Manifestly by the part of § 37-3-10 here involved the legislature intended that a retailer who is able to process its own product for less than the wholesale price fixed by the commission, may not disregard that price in determining the price at which it will sell its product at retail. Apparently it desired to bring a measure of price stability to the industry, which is thought by some to be desirable. § 37-3-8. In view of the disposition made of this matter by the trial court it did not reach the question whether the legislature could constitutionally do this. Consequently, it is not presented on this appeal. Nor is it urged, briefed or argued here.

Reversed.

BIEGELMEIER, P. J., and HOMEYER, J., concur.

ROBERTS, J., dissents.

HANSON, J., concurs in dissent.

ROBERTS, Judge (dissenting).

The Legislature in 1966 enacted the statute known as the Dairy Industry Marketing Act. The statute is Chapter 9, Laws 1966, and is included in South Dakota Compiled Laws 1967 as Chapter 37-3. The declared purpose of the statute is to outlaw trade practices "now being carried on in the sale of dairy products which are unfair and unjust and which if continued will jeopardize the public interest in securing a sufficient supply of properly prepared dairy products and in preserving the dairy industry of this state free from monopolistic and anticompetitive influences." SDCL 1967, § 37-3-8.

The undisputed facts here are that defendant corporation has its principal place of business in Sioux Falls, South Dakota, where it operates a plant for the processing of ice cream which it retails in stores operated by it in Sioux Falls and vicinity. This action was commenced to enjoin defendant corporation from selling ice cream at a price less than the minimum price al-

legedly fixed by the State Dairy Marketing Commission. The trial court after hearing found that there was no violation of the act to be enjoined and denied injunctive relief.

Defendant was charged with violating the provisions of SDCL 1967, § 37-3-10, which provides:

"It shall be unlawful for any processor, distributor or retailer to sell, advertise, or offer for sale any dairy product for less than the wholesale price established by the dairy products marketing commission, or the wholesale price plus that portion of the cost of doing business, as defined in § 37-3-9, when sold by a retailer."

The Statute, SDCL 1967, § 37-3-34, provides substantial penalties to be imposed upon any person found guilty of violating any of its provisions.

It is a cardinal canon of statutory construction as indicated in the majority opinion that where the language of a statute is plain and unambiguous a court may not resort to construction. I do not agree that the statute is plain and unambiguous and that Section 37-3-10 applied to defendant as a retailer. An intention cannot be imputed to the legislature except that to be gathered from the terms of the statute. It is not the function of a court to amend a statute to avoid or produce a particular result. Elfring v. Paterson, 66 S.D. 458, 285 N.W. 443. "Wholesale price" as defined by the statute is the price charged by a processor or distributor to a customer for resale. SDCL 1967, § 37-3-9 (11). Defendant processed, and did not purchase from a processor or distributor, ice cream which it sold as a retailer. A distinction is recognized in Section 37-3-9(10) quoted in the majority opinion between the retailer purchasing at wholesale and a retailer processing its own dairy products. Since under the undisputed facts defendant did not come within the ambit of the statutory prohibition, I would affirm the judgment of the trial court.

HANSON, J., concurs in dissent.