Suzanne M. NORGEOT, Plaintiff and Appellee,

v.

STATE of South Dakota; South Dakota Department of Transportation; and South Dakota Division of Highways, Defendants and Appellants,

and

Francis B. Thompson; Eugene L. Rowen, Secretary of Transportation; Charles T. Larson, Director of Highways; Minnehaha County, a Public Corporation; Mapleton Township, a Public Corporation; John R. Reiff; Delmar E. Van Ekeren; Marlyn V. Holm; Mary L. Schultz; Stephanie Lawrence; and Donna Yager, Defendants.

No. 13971.

Supreme Court of South Dakota.

Argued April 18, 1983.

Decided June 1, 1983.

Derald W. Wiehl of May, Johnson, Doyle & Becker, Sioux Falls, for plaintiff and appellee.

Camron Hoseck, Asst. Atty. Gen., Pierre, for defendants and appellants; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

DUNN, Justice.

This is an intermediate appeal from an order denying dismissal of a suit on the basis of a sovereign immunity defense. We affirm.

Suzanne M. Norgeot (appellee) filed a personal injury action in July of 1982 alleging negligence on the part of the State of South Dakota, the Department of Transportation, the Division of Highways, and others who do not appear before us on this intermediate appeal. The State, the Department and the Division shall be referred to collectively herein as the State. Appellee alleges the State's negligence in maintaining a stop sign which had been removed resulted in her involvement in an automobile accident on July 28, 1981. Appellee also contends that, as a result of the accident, she has incurred hospital costs in excess of $70,000, has suffered disfigurement and is now permanently partially disabled and has, and will in the future, experience lost earnings as a result of the accident.

In response to the claim filed by appellee, the State filed a motion to dismiss pursuant to SDCL 15–6–12(b) alleging that the State had not waived sovereign immunity, that the legislature had not permitted the State to be sued, and that the State had not appropriated money to pay for such a claim. In denying the motion to dismiss, the trial court concluded that the purchase of insurance by the State pursuant to SDCL 21–32–15 resulted in waiver of sovereign immunity and consent to be sued pursuant to SDCL 21–32–16. The policy, which listed the "Employees of the State of South Dakota" as the named insured, did not list the State itself as a named insured. The State now asks us to review the trial court's decision.

Under Article III, § 27 of the South Dakota Constitution, the grant of the right of

action against the State is a qualified right. The provision states that "[t]he Legislature shall direct by law in what manner and in what courts suits may be brought against the state." This court has consistently interpreted this provision to mean that legislative action is the only means by which the doctrine of sovereign immunity can be waived. *High Grade Oil Co., Inc. v. Sommer,* 295 N.W.2d 736 (S.D.1980); *Conway v. Humbert,* 82 S.D. 317, 145 N.W.2d 524 (1966).

Following our decision in *High Grade, supra,* the legislature approved a procedure whereby the State waives its sovereign immunity when it purchases public liability insurance. SDCL 21–32–15 authorizes the purchase of this insurance and SDCL 21–32–16 concludes the purchase of this insurance results in the State's waiver of sovereign immunity. This statutory procedure, in our view, was enacted in response to our refusal in *High Grade* to rule that the purchase of liability insurance coverage constitutes a waiver of governmental immunity in the absence of statutory authorization.

In the case at hand, liability insurance was purchased with the named insured denominated as the "Employees of the State of South Dakota." There is no dispute that sovereign immunity was waived as to the state employees named in this suit as a result of the purchase of this insurance. The State, however, carefully excluded itself from the status as named insured. Here, we must determine whether the purchase of this insurance for the employees, pursuant to SDCL 21–32–15, also waives sovereign immunity for the State.

In our view, this is simply a question of statutory construction. The State believes this statute authorizes the purchase of insurance "to the extent and for the purposes deemed expedient." The State asserts the insurance policy in the case at bar was purchased only to the "extent" that it covers state employees. This insurance would not, in its view, insure the State and thus would not waive sovereign immunity for the State. The trial court, on the other hand, interprets the statute to mean that

any insurance purchased would be deemed to be purchased "for the purpose of insuring the liability of the state, its officers, agents and employees." Accordingly, purchase of any liability insurance would waive sovereign immunity for all the parties enumerated in the statute.

■ A primary rule of statutory construction is that words and phrases be given their plain meaning and effect. *Board of Regents v. Carter,* 89 S.D. 40, 228 N.W.2d 621 (1975); SDCL 2–14–1. Moreover, in construing a statute, our main objective is to ascertain and give effect to the intention of the legislature. *Western Surety Co. v. Mydland,* 85 S.D. 172, 179 N.W.2d 3 (1970). This intent is best ascertainable from the statutory language. *Argo Oil Corporation v. Lathrop,* 76 S.D. 70, 72 N.W.2d 431 (1955).

Applying these rules, we believe the trial court properly interpreted the meaning and effect of SDCL 21–32–15. That statute provides:

> The state of South Dakota, through the commissioner of administration, may obtain and pay for public liability insurance to the extent and for the purposes deemed expedient by the commissioner for the purpose of insuring the liability of the state, its officers, agents and employees.

The liability insurance purchased pursuant to this statute is "for the purpose of insuring the liability of the state, its officers, agents *and* employees." We agree with appellee that the plain and ordinary meaning of the word "and" is that of a conjunction connecting the words and expressing the idea that the latter is to be added to or taken with the former. *In re Rapid Film Service, Inc.,* 181 Neb. 1, 146 N.W.2d 563 (1966); *Mastrodonato v. Pfaudler Co.,* 283 App.Div. 752, 128 N.Y.S.2d 164 (1954); *see also Ness v. H.M. Iltis Lumber Company,* 256 Iowa 588, 128 N.W.2d 237 (1964).

■ In reviewing statutes passed by our legislature, we must presume the legislature meant what it said. When the legislature stated that "[t]he state ... may obtain and pay for public liability insurance

... for the purpose of insuring the liability of the state, its officers, agents and employees" we must presume they meant insurance procured would protect them all. Had they intended that insurance could be purchased only for selective parties, they would have stated "[t]he state ... may obtain and pay for public liability insurance ... for the purpose of insuring the liability of the state, its officers, agents OR employees." Our function is only to interpret the legislative intent. We cannot replace the plain language of the statute with an interpretation which would turn a conjunctive phrase into a disjunctive one. We simply must take the legislative enactment at face value.

■ As we interpret the statute, if the State purchases any public liability insurance insuring any of the entities within the phrase "the state, its officers, agents and employees," then the State shall be deemed to have waived its sovereign immunity for all of the named parties pursuant to SDCL 21–32–16.* Of course, waiver can be limited to a specific dollar amount or to specific types of coverage as prescribed in the policy procured (e.g., automobile liability insurance). This was, we believe, intended by the statutory phrase in SDCL 21–32–15 which states that insurance may be purchased "to the extent and for the purposes deemed expedient."

This interpretation of the statute is plain common sense. A state can only act through its employees and for the state to waive immunity for its employees and not for itself would be completely inconsistent with the intent of the statute. We do not deem this to be contrary to our decision in *Kruger v. Wilson,* 325 N.W.2d 851 (S.D. 1982) and *National Bank of South Dakota v. Leir,* 325 N.W.2d 845 (S.D.1982). In those cases, the court was endeavoring to classify wrongs committed by employees of the State before the present insurance-immunity statutes were in effect. In *Kruger*

and *Leir,* we determined that, as a matter of law, the doctrine of sovereign immunity did apply to the actions against the State but did not exist as a defense for the employees who were sued individually. *Kruger* and *Leir* were remanded for further proceedings to determine whether the employees were personally negligent in performing their duties. This type of personal liability would still exist and whether it would be covered by a master liability policy for the State and its employees would depend on the provisions of the policy.

Since we conclude sovereign immunity was waived in this case, we affirm the order denying the motion to dismiss.

WOLLMAN, MORGAN and HENDERSON, JJ., concur.

FOSHEIM, C.J., concurs in result.

FOSHEIM, Chief Justice (concurring in result).

I agree with the majority that since the State can act only through its employees, *Merrill v. Birhanzel,* 310 N.W.2d 522 (S.D. 1981); *Plumbing Supply Co. v. Board of Education, Etc.,* 32 S.D. 270, 142 N.W. 1131 (1913); *Bailey v. Lawrence County,* 5 S.D. 393, 59 N.W. 219 (1894), it would be unreasonable and inconsistent to hold that the State can waive immunity for its employees and not for itself. However, the majority opinion then leaves me. In an apparent attempt to maintain consistency with *Kruger v. Wilson,* 325 N.W.2d 851 (S.D.1982) and *National Bank of South Dakota v. Leir,* 325 N.W.2d 845 (S.D.1982), the opinion illogically concludes that even though a state employee is acting within the scope of his employment, immunity may nevertheless exist for the State but not for the employee. If waiver of immunity is unseverable from employee to State, then it logically follows that immunity is also unseverable from the State to an employee acting within the scope of employment.

* SDCL 21–32–16 provides:

To the extent such liability insurance is purchased pursuant to § 21–32–15 and to the extent coverage is afforded thereunder, the state shall be deemed to have waived the common law doctrine of sovereign immunity and consented to suit in the same manner that any other party may be sued.