NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0159n.06

Nos. 22-1574/1578

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 05, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| RUBEN GARCIA, JR., and a class of property buyers similarly situated (22-1574), | ) ) ) |
| Plaintiff-Appellant, | ) ) |
| PHILIP LEE ELLISON, MATTHEW EDWIN GRONDA (22-1578), | ) ) ) |
| Interested Parties-Appellants, | ) ) |
| v. | ) ) |
| TITLE CHECK, LLC, | ) ) |
| Defendant-Appellee. | ) ) ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: GILMAN, KETHLEDGE, and MURPHY, Circuit Judges.

PER CURIAM. Ruben Garcia, Jr., and his attorneys, Philip Lee Ellison and Matthew Edwin Gronda, appeal the district court's order imposing sanctions against counsel for bringing and litigating a frivolous lawsuit against Title Check, LLC. Because the district court did not abuse its discretion, we affirm its sanctions order.

Garcia, through Ellison and Gronda as counsel, sued Title Check over fees that it charged for running tax-foreclosure auctions on behalf of Michigan governmental entities. In 2018, Garcia bought real estate in Bay County at a foreclosure auction. His winning bid was $11,500, but as described in the auction rules, the full purchase price included Title Check's additional ten-percent buyer's fee of $1,150. Garcia alleged that this fee violated Michigan's General Property Tax Act,

which provided that properties must be offered for auction at a "minimum bid" that "shall include" all outstanding taxes, interest, penalties, and fees due on the property and all expenses of preparing for and administering the auction. Mich. Comp. Laws § 211.78m(16)(a) (2018). Garcia claimed that the statute authorized only those items to be included in the minimum bid, making the buyer's fee illegal. He brought claims against Title Check for Hobbs Act extortion and wire fraud under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and for unjust enrichment under Michigan law. He sought damages and injunctive relief and proposed to represent a class of similarly situated buyers.

The district court granted Title Check's motion to dismiss Garcia's amended complaint, holding that the Michigan statute's "shall include" language merely required the minimum bid to consist of certain items to ensure that the governmental entity at least recouped the taxes owed plus all associated costs, but that it did not prohibit Title Check's buyer's fee. The district court held that, because the fee was not improper, Garcia had not alleged facts that could support his Hobbs Act extortion and wire-fraud claims under RICO, and because a contract governed his purchase at auction and he knew the terms and received what he bargained for, he did not sufficiently plead an unjust-enrichment claim.

Garcia, still through attorneys Ellison and Gronda, appealed. We affirmed the district court's decision, holding that the statute's language delineating what the minimum bid "shall include" was not exhaustive and thus did not prohibit Title Check's buyer's fee. Garcia petitioned for rehearing en banc, which was denied.

Title Check then moved for sanctions in the district court against Ellison and Gronda under 28 U.S.C. § 1927 and the court's inherent authority, arguing that Garcia's case was frivolous and their persistence in litigating it needlessly cost the defendant company thousands of dollars in legal

fees. Title Check reasoned that counsel's legal theory about the statutory language was baseless and, even if it were not, that the RICO and unjust-enrichment claims were patently meritless. The company also argued that counsel knew that the case lacked a good-faith basis because opposing counsel explained as much by letter at the start of the litigation. Title Check further asserted that Garcia's attorneys brought the case for the improper purpose of obtaining discovery that counsel could use to file cases about a separate issue with foreclosure auctions that had spawned a flood of litigation in Michigan courts. *See Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434, 440 (Mich. 2020). In response, Ellison and Gronda argued that the case was not brought in bad faith and that they had advanced a plausible theory of statutory interpretation about a novel question of law.

The district court granted Title Check's motion and ordered Ellison and Gronda to pay the attorney's fees and costs that the company incurred in defending the case: $73,752.45. The court, relying solely on § 1927, determined that Garcia's complaint was frivolous and that, because his attorneys should have known that the claims were frivolous, they "'unreasonably and vexatiously' multiplied the proceedings." The court thus concluded that § 1927 sanctions were warranted.

Garcia appealed, as did Ellison and Gronda, and their cases were consolidated. We denied their motion to stay the sanctions order pending appeal without bond, noting that "[c]ounsel made no efforts to engage with [Federal Rule of Civil Procedure] 62(b)," which provides that a bond or other security is required to obtain a stay. On appeal, they argue that the district court erred in three ways: (1) by imposing against Garcia sanctions that are limited to attorneys; (2) by awarding sanctions for the full amount of work performed by Title Check's counsel instead of the amount that related to the unnecessary filings; and (3) by levying sanctions based on a misunderstanding of Michigan precedent, even though the legal issue was a matter of first impression.

Under § 1927, a court can order an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions are warranted "when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court.' While subjective bad faith is not required, the attorney in question must at least knowingly disregard the risk of abusing the judicial system, not be merely negligent." *Kidis v. Reid*, 976 F.3d 708, 723 (6th Cir. 2020) (quoting *Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 968 (6th Cir. 2018)). We review under the abuse-of-discretion standard a district court's award of sanctions under § 1927. *United States v. Llanez-Garcia*, 735 F.3d 483, 491 (6th Cir. 2013).

The district court did not abuse its discretion by imposing sanctions against Ellison and Gronda. Counsel continued to press frivolous causes of action based on an implausible parsing of the statutory language. Their argument that Title Check engaged in extortion and wire fraud under RICO by charging a buyer's premium to the auction price was unreasonable on its face. And their claim for unjust enrichment was meritless given that a contract governed the auction, which, under state law, made such relief unavailable. Counsel's argument that the statute's requirement that the minimum bid "shall include" various items in fact precluded all other items was not just unsound, but also at odds with authoritative caselaw. Title Check's attorney informed Ellison and Gronda shortly after they filed suit that it was without merit, yet they litigated it, without success at every turn, all the way through a petition for en banc review. Sanctions, then, were not inappropriate.

Ellison and Gronda argue that their actions did not warrant sanctions because the legal issues raised by the case were debatable. They also claim that the district court misunderstood Michigan law by stating, to quote their brief, that "the word 'include' in a Michigan statute always

'conveys the conclusion that there are other items includable, though not specifically enumerated.'" They cite several Michigan court cases noting that "include" can limit or expand a list. *See, e.g.*, *Belanger v. Warren Consol. Sch. Dist., Bd. of Educ.*, 443 N.W.2d 372, 377 n.25 (Mich. 1989). And they point out that the provision at issue had never been interpreted by either a Michigan or a federal court.

But the district court did not state that the word "include" always indicates non-exclusivity. Indeed, the district court quoted the Michigan Supreme Court's statement that "include" has this effect "unless the context clearly indicates a contrary legislative intent." *Skillman v. Abruzzo*, 88 N.W.2d 420, 422 (Mich. 1958). And that is all that the cases Ellison and Gronda list say. Counsel never offer a plausible argument that the context here signifies that "shall include" is a limit rather than a baseline of what the minimum bid must contain. Moreover, although no court had interpreted the statutory language before, counsel still do not explain how that makes their argument reasonable or how the causes of action they asserted were plausible. In short, Ellison and Gronda's arguments do not show that the district court's sanctions order was based "on an erroneous view of the law or a clearly erroneous assessment of the evidence," *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)), and thus they have not established that the court abused its discretion.

Ellison and Gronda also argue that the district court erroneously imposed sanctions for the entire amount of work that Title Check's counsel performed in the case. They claim that the sanctions should have been tailored to opposing counsel's work on the matters that they "multiplie[d] . . . unreasonably and vexatiously." But they failed to make this argument in the district court after Title Check moved for sanctions for the full amount of their attorney's fees and

costs. And in any event, the district court reasonably found that the entire action was frivolous and vexatious.

Finally, Title Check concedes that Garcia is correct that he cannot be sanctioned under § 1927, which applies only to attorneys. But the district court discussed only counsel's actions and its order applied solely to counsel. Thus, although Garcia's argument is well taken, remand is unnecessary.

For these reasons, we **AFFIRM** the district court's sanctions order.