PLUMBING SUPPLY COMPANY, Appellant, v. BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT OF CITY OF CANTON et al, Respondents.

(142 N. W. 260.)

1.   **Schools—School Districts—Liability for Building Material—Contractor's Bond—Failure to Require—Statutes—Complaint.**
     Chap. 138, Laws 1907, requiring contractor for construction of school building to give bond to pay laborers and materialmen for work or materials furnished in construction of the building, is modified by Chap. 245, Laws 1909, requiring public or quasi public corporations to give bond with similar condition, and giving laborers and materialmen right of action against the corporation for failure to require such bond, if suit is brought within ninety days after work is completed, and such materialmen may sue the school board within the statutory time, where contractor's bond contained no condition to pay for such material, and contractor was insolvent. **Held,** further, that a complaint showing plaintiff furnished such labor and was such materialman under said 1909 law, and that the contractor was insolvent, states a good cause of action.

2.   **Limitation of Actions—Action Against School District—Pleading.**
     The requirement in Chap. 245, Laws 1909, that an action by a materialman against a school district to recover for materials

furnished for a school building, that such action shall be brought within 90 days, is in the nature of a statute of limitations, and its benefit can be claimed only by an affirmative answer.

(Opinion filed June 24, 1913.   Rehearing denied September 23, 1913.)

Appeal from Circuit Court, Lincoln County.   Hon. Joseph W. Jones, Judge.

Action by the Plumbing Supply Company against the Board of Education of Independent School District of the City of Canton, Lincoln County, and others, to recover for labor and materials performed and furnished in the construction of a school building. From an order sustaining a demurrer to the complaint, plaintiff appeals.   Reversed and remanded.

*U. S. G. Cherry*, and *Herbert Abbott*, for Appellant.

The bond in question not containing a condition for payment for such labor and materials by defendant board, the board and its members are liable therefor.   Chapter 138 Session Laws of South Dakota, 1907; Owen v. Hill, 67 Mich. 43, 34 N. W. 649; Plumber v. Kennedy, 72 Mich. 301, 40 N. W. 433; Wells v. Board of Education, 78 Mich. 268, 44 N. W. 267; Stafford v. Lyons, (Mich) 68 N. W. 151; Wilcox Lumber Co. v. School Dist., 103 Minn. 43, 114 N. W. 262; Puget Sound Brick Co. v. School Dist., (Wash.) 40 Pac. 608; 35 Cyc. 959 and 961; Mechems Public Officers, (3d Ed.) p. 475.

Chapters 136, 137 and 138 are separate and distinct acts, each covering a different subject, enacted at different times.   If it was intended to make the three last mentioned chapters a part of the uniform system of education, why was not the subject matter thereof incorporated within chapter 135?

The fact that no penalty or punishment is fixed in chapter 138 for the negligent acts of the board does not exclude or limit the common law liability of the defendants.

*Brown & Brown*, for Respondents.

In none of the cases cited by plaintiff, or those which we have examined in addition, is there any suggestion of individual liability on the part of school officers.   These cases appear to hold that the acts of school boards in the exercise of powers conferred by statute, or the neglect to act, is the act or neglect of the school corporation.   Puget S. B. T. & T. Co. v. School Dis-

trict, (Wash.) 40 Pac. 608; Maxon v. Sch. Dis., (Wash.) 31 Pac. 462.

In most, if not all, instances wherein a personal liability is imposed, it is for a willful, that is, an intentional neglect or refusal. Sections 28, 51, article II.; sections 127, 128, article V., section 140, article VI.; section 241, article XVI.; all of chapter 135; sections 3, 4, 6, and 7, chapter 136; section 3, chapter 137, Laws of 1907.

It is not the policy of the uniform system of education established, nor was it intended by the enactment of chapter 138, to impose upon the individuals composing the boards and various officers therein created and provided for, any further or other liabilities than those specifically pointed out; in fact, the rule of construction in such cases is that such specification precludes all not specified. Whitbeck v. Sees, 10 S. D. 417, 73 N. W. 915-916.

The obligee in the bond set forth in the complaint is "The board of education of the city of Canton, South Dakota," showing conclusively that all the acts and omissions upon which the pretended cause of action attempted to be alleged in the complaint herein is founded were the acts and omissions of a public school corporation, constituting one of the political subdivisions of the state for the purpose of education. Basset v. Fish, 75 N Y. 303; Hydraulic Pressed Brick Co. v. Kirkwood School District, 79 Mo. App. 665; Article 2, chapter 31, of the Code of Civil Pro. 1903.

McCOY, J.  From the allegations of plaintiff's complaint it, in substance, appears that defendants are the board and members of the board of education of the independent school district of the city of Canton; that defendants by contract employed Symms-Powers Company as contractor to construct and install a heating plant in a public school building; that said contractor entered into a bond, with sureties, for the faithful performance of said contract, but that defendants neglected, omitted, and failed to require to be inserted and contained in said bond the further and additional obligation binding said contractor to promptly make payment to all persons supplying it with labor and materials in the construction of said heating plant; that plaintiff furnished labor and materials which were used by said contractor in con-

structing said plant to the value of $1,697.65; that said contractor completed said plant, and defendants accepted and approved the same on the 27th day of October, 1911; that said contractor has not paid plaintiff for said labor and materials or any part thereof; and that said contractor at the time of the completion of said plant, ever since has been, and now is, insolvent, and that plaintiff has been and now is unable to collect for said labor and materials, and that said contractor has no property or assets out of which said claim can be collected or realized. To this complaint defendants interposed a demurrer on the ground that the same did not state facts sufficient to constitute a cause of action. From the order sustaining said demurrer the plaintiff appeals.

[1] Appellant cites and relies solely upon the provisions of chapter 138, Laws of 1907, to maintain this cause of action. If said chapter 138 was the only statute law of this state upon the subject of contractors' bonds, it might well be questioned whether plaintiff could maintain such an action for such neglect against a quasi municipal corporation, such as a school district, in the absence of an express statute authorizing the maintenance of such an action. But we are of the opinion that chapter 245, Laws of 1909, inherently amends and modifies the provisions of said chapter 138, and expressly authorizes the maintenance of such an action, provided such action is commenced within 90 days from the time of the acceptance of the work.

[2] It appears from the complaint that the work involved in this case was accepted on the 27th day of October, 1911, and it appears from the record that this action was commenced on the 11th day of May, 1912, some four months after the expiration of said 90-day limit. As such 90-day limit is in the nature of a statute of limitation, defendants could only avail themselves of the benefit thereof by an affirmative answer.

The order appealed from is reversed, and the cause remanded, and defendants given 30 days from the date of the filing of the remittitur in which to serve answer to said complaint, should they so desire.