PLUMBING SUPPLY COMPANY, Appellant, v. BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT OF CITY OF CANTON et al., Respondents.

(142 N. W. 1131.)

1.   Schools—School Districts—Officers—Personal Liability—Common Law Liability.

Under Laws 1909, Ch. 245, providing that public or quasi public corporations shall require the contractor under contract for erection or improvement of a building, to furnish a bond for payment of all labor and material entering into such erection or improvement, and that, if the corporation fail to require such bond to be given, it shall be liable to any person, etc., performing such labor or furnishing such materials, **held,** the members of the board of education of a school district, which failed to require such bond from a contractor, were not individually liable, since they are within the class of officers representing the sovereign power of the state in a public official capacity, against whom no liability exists, nor are they individually, or as such officers, liable at common law, nor otherwise than under an express statute creating the individual duty of the officer and also authorizing suit against him, for failure to perform such duty.

2.   Counties—Towns—Schools—School Districts—Liability for Neglect of Duty—"Quasi Municipal Corporations."

Counties, civil townships, and school districts are classified as "quasi municipal corporations," and are regarded as public or state agencies, charged with performance of public or gov-

ernmental functions as agents of the state, and as such are not liable for damages caused by neglect to perform such duties consisting of acts of omission only, unless such cause of action is expressly given by statute.

(Opinion filed September 23, 1913.)

Supplemental opinion on an application for rehearing. Former judgment modified, and order and judgment appealed from affirmed in part.

For former opinion, see,   32 S. D. 129, 142 N. W. 260.

McCOY, J.   [1] Application for rehearing is made on the ground that in the former opinion in this case, reported in 32 S. D. 129, 142 N. W. 260, no decision was made upon the question of the individual common-law liability of the members of the board of education.  A more careful reading of the complaint demurred to discloses that two distinct causes of action, promiscuously intermingled, one against the school corporation, and one against the individual members of the board of education of such corporation, as individuals, are alleged.  We are of the opinion that the demurrer was properly sustained as to the cause of action attempted to be alleged against the members of the board of education, as individuals.

We are of the opinion that there is not now and never was any common-law liability against officers of this class, individually, for neglect to perform official duties.  At common law the king could not be sued without his consent.  Neither could any officer who represented the king.  The same principle has been applied to the sovereign power of the state in this country.  Members of a board of education fall within this class of officers who represent the king or who represent the sovereign power of the state in a public official capacity.  Liability for negligence and suit therefor against the individual officer can only exist by virtue of an express statute creating the individual duty of such officer, and also authorizing the maintenance of a suit for failure to perform such duty.  No such individual duty, as charged in the complaint, has ever been imposed upon such officers as members of a board of education as individuals, in this state.  From a close reading of chapter 245, Laws 1909, it will be observed that the duty to take a contractor's bond, as alleged in the complaint, is imposed on the corporation only, and not on the officers thereof as individuals, and

that the suit authorized to be maintained for neglect to take such bond is against the quasi corporation, and not against the officers and individuals who act for such corporation and herein lies the distinction between the statute of this state and that of the state of Michigan, construed in Owen v. Hill, 67 Mich. 43, 34 N. W. 649, cited by appellant. By the Michigan statute the duty is imposed not only upon the corporation but also upon the officers thereof, and the suit authorized to be maintained is against both the corporation and officers.

[2] Counties, civil townships, and school districts are classified as quasi municipal corporations (this classification is expressly recognized by chapter 245, Laws of 1909), and are regarded as public or state agencies, charged by law with the performance of public or governmental functions; that is, they are the agents of the state for the purpose of carrying into effect the functions of government, and as such are not liable to be sued civilly for damages caused by neglect to perform such duties, where such neglect is based upon acts of omission only, unless such cause of action is expressly given by statute. Abbott, Munic. Corps. §§ 954, 955, and 973; 2 Dillon, Munic. Corps. § 963; Thompson on Neg. §§ 6376-6410; Barnett v. Contra Costa County, 67 Cal. 77, 7 Pac. 177; Bailey v. Lawrence County, 5 S. D. 393, 59 N. W. 219, 49 Am. St. Rep. 881; Vail v. Township of Amenia, 4 N. D. 239, 59 N. W. 1092; Hydraulic Brick Co. v. School District of Kirkwood et al., 79 Mo. App. 665; Bassett v. Fish, 75 N. Y. 303.

In section 6379, Thompson on Negligence, that learned author, in speaking of the personal nonliability of officers wielding distributed portions of the sovereign power, after discoursing upon the reasons for the rule that such municipal corporations are not liable for negligent acts in the absence of sovereign consent thereto, says: "Now, since the sovereign is not, without his consent, answerable before the judicial courts at the suit of any one for acts done in his sovereign or political capacity, it naturally follows that any officer who exercises, in any degree however small, or about concerns however petty, any distributive portion of the sovereign power cannot be held thus to answer."

School districts are state agencies exercising and wielding a distributive portion of the sovereign power of the state, and the officers of school districts are the living agencies through whom

the sovereign state act is carried into effect.  A school district officer in the performance of his duties acts in a political capacity, as much so as the Governor of a state, and is not liable for negligent acts of omission occurring in the performance of such political or public duties, unless the sovereign power of the state has authorized and consented to a suit for such negligence.  Now, in the matter of letting building contracts for the repair or construction of a public school building, and the taking of a contractor's bond, we are of the opinion that the members of a board of education act in a public and political capacity, as an agent of the state, in the carrying out of a portion of the distributed functions of state government, and are not liable to suit for negligent acts of omission, unless the state has by express statute consented to such suit. It therefore necessarily follows that there is no common-law liability for such negligent acts as are complained of in this case against the members of the board of education, as personal individuals, or as officers composing the board, and that if any such liability exists at all it must be based upon statute.  It might be said that because the state has consented to and authorized a suit against the school corporation for such neglect that this fact would also authorize a suit and create a liability against the officers of such corporation, as individuals; but, if this were true, such liability and suit must be based upon chapter 245, and therefore the same statute of limitation would apply in favor of the officer as would apply in favor of the quasi corporation.  But we are inclined to the view that the provisions of chapter 245 impose no individual duties upon the officers of a board of education in regard to the contractor's bonds, that such duty is imposed on the quasi corporation alone, and the consent to suit is also only against the corporation.  By having included the corporation only in the provisions of this act, under a familiar rule of construction, it is evident the legislative mind intended to exclude the officers from such duties and suit.

In the case of Pressed Brick Co. v. School District of Kirkwood, supra, construing a very similar statute, and under very similar circumstances, a case where the suit was against the school district corporation, and also against the board of directors, as individuals, and wherein it was sought to hold the directors liable,

18—Vol. 32, S. D.

individually, for having failed to take a bond from the contractor protecting subcontractors, upon the question of the individual liability of the directors, the court said: "The act of 1895 [Laws 1895, p. 240] does not point out the county judge, the city alderman, the town trustees, and the directors of school districts as the persons or collection of persons who shall require the contractor to give the bond for the protection of subcontractor, etc., but names the county, the city, the town, and the school districts as distinct and separate entities, on each of which the duty is imposed to require that the bond be given, when it, in its corporate capacity, has contracted for the erection of a public building. It is to these corporations, and not to the living persons through whom they manifest their will and power, that the Legislature has spoken, and, when the contract for the erection of the school building was let by the school district of Kirkwood, it became its duty to require the contractor to give bond, the duty was a corporate one, and the failure to perform this duty was the negligence of the corporation, and not of the individuals who composed the board of directors of the district. In the letting of the contract, and in their failure to take the bond of the contractors, the directors did not act as individuals engaged in the enterprise of erecting a building, but as a board of directors through which the school district manifested its will. In Bassett v. Fish, 75 N. Y. 303, a school teacher sued the trustees of a school district (incorporated) for injuries incurred from stepping into a hole in the floor of her schoolroom, which had been negligently suffered to become and remain in a state of decay, the court, in passing on the liabilities of the trustees, who were made defendants, said: 'For neglect to perform a duty imposed upon a district school corporation, the members of the board of trustees are not individually liable, the neglect is that of the corporate body, not of individuals composing it, and the liability rests upon it.' The ruling in this case seems to us eminently just, and in strict line with the current judicial decisions on kindred topics. To hold otherwise would be to establish an exceedingly harsh rule, and to place upon the directors of public school districts and officers of municipal corporations a burden grievous to bear, and one that finds no sanction in the act of 1895, supra, and is not imposed by any other legislation of this state of which we have any

knowledge." The principles announced in that opinion meet with our approval.

The order and judgment appealed from in so far as they relate to the individual liability of the members of the board of education, defendants, are affirmed. The former opinion, to which this is supplemental, stands unchanged, with the exception as to costs on appeal. There should be no appeal costs taxed against either party, thereby leaving each party to pay their own costs and disbursements on appeal, and the judgment may be so modified.