SCHORNACK, Appellant, v. SCHOOL DISTRICT NO. 17-2 of BROWN COUNTY, et al, Respondents.

(266 N. W. 141.)

(File No. 7876. Opinion filed March 30, 1936.)

*E. B. Harkin*, of Aberdeen, for Appellant.

*Fletcher & Fletcher*, of Aberdeen, and *Chas. J. Lundberg*, of Groton, for Respondents.

WARREN, J Plaintiff in this action, one George Schornack, acting as guardian ad litem for Doris Schornack, in his complaint charged that the defendant school districts were negligent in the transportation of the said Doris Schornack as a pupil of the Groton Independent School District, and as a result of said negligence the said Doris Schornack was injured. Defendants demurred to the complaint and the trial court, at the conclusion of the trial of the issues of law, made an order sustaining the demurrer. Plaintiff has appealed from the order sustaining the demurrer.

 Narrowed down to a specific statement of the law to be applied in this case in a decision upon the demurrer, it would seem that in doing the act complained of, the districts were either performing a governmental function, and it is the settled law that when school districts are performing governmental functions they cannot be held liable for negligence, or the act complained of exceeded the functions permitted to be exercised by school districts and the school officers were powerless by their conduct and acts to render the defendant districts liable for damages.

██ At the time of the alleged act of negligence, common school districts were vested with certain statutory power permitting them to transport pupils. See section 7485 of the 1919 Revised Code as amended by chapter 110, laws 1927. This court has held that independent school districts were also vested with such authority. See Dahl et al. v. Independent School District No. 2 of Lawrence County, 45 S. D. 366, 187 N. W. 638. The complaint fails to sufficiently detail matters relative to and concerning the transportation of said Doris Schornack, and it would be mere conjecture on the part of this court were we to decide that the respondent school districts did or did not exceed the authority granted them when they transported the said Doris Schornack as a pupil of the Groton Independent School District.

It is sufficient to state, that if the respondent school districts did not exceed the authority granted them, then they were performing a governmental function as an agent of the state, and in the absence of a statute imposing liability for negligence, they are not liable for negligence in the performance of such governmental function. Plumbing Supply Co. v. Board of Education of Independent School District of City of Canton et al., 32 S. D. 270, 142 N. W. 1131. On the other hand, if the respondent school districts did exceed the authority granted them, then the acts of the school district officers in so exceeding their authority were ultra vires, and the districts cannot be held liable for neglicence in the performance of such acts which were ultra vires and beyond the officers' scope of authority. Pronovost v. Brunette, 36 N. D. 288, 162 N. W. 300; Gillespie v. Common School District No. 8, Mc-Lean County, 56 N. D. 194, 216 N. W. 564.

The order sustaining the demurrer is affirmed.

POLLEY, P. J., and ROBERTS and RUDOLPH, JJ., concur.

CAMPBELL, J., not sitting.