ARMS, Appellant, v. MINNEHAHA COUNTY, Respondent

(7 N. W.2d 722.)

(File No. 8543. Opinion filed February 1, 1943.)

**Louis H. Smith,** of Sioux Falls, for Appellant.

**Verne H. Jennings, N. A. Boe,** and **John R. McDowell,** all of Sioux Falls, for Respondent.

ROBERTS, P.J. The plaintiff Viola Arms commenced this action against Minnehaha County and James Anderson. The case was tried before a jury. The jury returned a verdict for plaintiff and defendant county moved for judgment notwithstanding the verdict upon the ground that the defendants were engaged in the exercise of a governmental function and that the defendant county was not liable for the negligence of its employee. This motion was granted by the trial court and plaintiff appeals from the judgment entered thereon.

Plaintiff sustained injuries as the result of a collision between an automobile driven by her husband and a snowplow owned by Minnehaha County and driven by defendant Anderson an employee of the county. It appears without dispute that defendant Anderson at the time of the accident was not engaged in work upon a county highway, but was

returning from work over U. S. Highway 77 to the county garage in Sioux Falls. The statute under which the county is sought to be held liable is SDC 44.0333. This section was a part of the Uniform Motor Vehicle Act, § 33, ch. 251, Laws 1929. That section reads as follows: "The provisions of this chapter, applicable to the drivers of vehicles upon the highways, shall apply to the drivers of all vehicles owned or operated by this state or any county, city, town, district or any other political subdivision of the state subject to such specific exceptions as are set forth in this chapter. The provisions of this chapter shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of a highway but shall apply to such persons and vehicles when traveling to or from such work."

It is well settled that no action lies against a county, in the absence of statute to the contrary, to recover damages for the negligence of its officers, agents or employees. Bailey v. Lawrence County, 5 S. D. 393, 59 N. W. 219, 49 Am. St. Rep. 881; Hanigan v. Minnehaha County et al., 47 S. D. 606, 201 N. W. 522; Brown v. Roberts County, 49 S. D. 173, 206 N. W. 479; Cain v. Meade County, 54 S. D. 540, 223 N. W. 734; Robinson v. Minnehaha County, 65 S. D. 628, 277 N. W. 324; Vesely v. Charles Mix County et al., 66 S. D. 570, 287 N. W. 51. The county contends that this common law immunity has not been abrogated by the provisions of the statute on which plaintiff relies.

The section above quoted makes the provisions of SDC 44.03 regulating the operation of vehicles on the highways applicable "to the drivers of all vehicles owned or operated" by any county "subject to such specific exceptions as are set forth in this chapter." It contains the limitation, however, that the provisions of the chapter shall be inapplicable where the persons or vehicles are "actually engaged in work upon the surface of a highway", but leaves the provisions of this chapter applicable "to such persons and vehicles when traveling to or from such work." When persons are engaged in work upon a highway, it would not

be reasonable to expect compliance with the provision requiring a driver of a vehicle, for instance, to drive on the right half of the highway (SDC 44.0309) and other similar regulations. See Hockenhull et al. v. Strom Const. Co., 212 Minn. 71, 2 N. W.2d 430. The legislature sought to define the applicability of the highway regulations contained in SDC 44.03 to drivers of vehicles owned or operated by the state and its political subdivisions and municipalities and did not intend to abrogate the rule of their immunity from liability for negligence.

The decision of the Supreme Court of Michigan in Mead v. State et al., 303 Mich. 168, 5 N. W.2d 740, involved an interpretation of the same provisions as contained in SDC 44.0333. The court overruled Miller v. Manistee County Board of Road Commissioners, 297 Mich. 487, 298 N. W. 105, 136 A. L. R. 575, wherein it held a county liable for the negligent operation of a truck by an employee. Construing the provisions referred to, the court in the Mead case said [303 Mich. 168, 5 N. W.2d 742]: "In deciding the Miller case we gave too broad a construction to 1 Comp. Laws 1929, § 4724, Stat. Ann. § 9.1592, which in part reads: 'The provisions of this act applicable to the drivers of vehicles upon the highways, shall apply to the drivers of all vehicles owned or operated by this state or any county, city, town, district or any other political subdivision of the state subject to such specific exceptions as are set forth in this act.' * * * The statutory provision just above quoted makes the drivers of State owned motor vehicles subject to the provisions of the act applicable to ordinary drivers; and in general the owner of a motor vehicle is liable for the negligence of its driver; but the statutory provision should not be construed, as was recently done in the Miller case, to constitute an abolition or waiver of sovereign immunity when the State or its agency in using the motor vehicle was acting in a governmental capacity. It is sufficient to note that the above quoted portion of the statute by its express terms affects only the duties and liabilities of drivers. It does not enlarge or modify the duties or liabilities of the State as the owner of a motor vehicle."

There being no liability at common law and there being no statute imposing liability upon defendant county, we must conclude that the trial court did not err in holding the county immune from liability for the negligence of its employee. Counsel argues that such holding results in hardship; that it is better that a loss due to the negligence of a county employee should fall upon the county rather than upon the injured individual. Be that as it may, the remedy is not by judicial fiat. If there is to be a departure from the rule of governmental immunity, the policy must be declared and the extent of liability should be definitely fixed by legislative action.

The judgment appealed from is affirmed.

All the Judges concur.