OLSON, Appellant v. MOLKO, Respondent

(195 N.W.2d 812)

(File No. 10993. Opinion filed March 21, 1972)

**Whiting, Lynn, Jackson, Freiberg & Shultz,** Rapid City, for plaintiff and appellant.

**Costello, Porter, Hill, Banks & Nelson,** Rapid City, for defendant and respondent.

DOYLE, Judge.

The plaintiff appeals from a summary judgment in favor of the defendant. The plaintiff, Alf P. Olson, brought this action requesting damages for injury to his health against Harold Molko, the defendant, as the owner of a certain building which was leased to the employer of plaintiff, Alfred Duprel. The relevant part of the record consists of the pleadings, depositions of the plaintiff, defendant and Alfred Duprel, the memorandum decision of the trial court and summary judgment. In view of the conclusion we have reached herein it is not necessary to review the complicated factual situation in this case as it is not material to the opinion. Defendant, in his answer, moved to dismiss the complaint for failure to state a claim upon which relief can be granted. This motion was brought on for hearing at a pre-trial conference and the court requested briefs from the litigants upon said motion. The briefs of the parties made reference to the depositions of the parties. The court in its decision upon defendant's motion to dismiss stated:

"However, both parties in briefing the matter have gone beyond the pleadings and referred to the depositions

\* \* \* Hence, the Court must consider the matter as a motion for summary judgment" (under SDCL 15-6-12(b) ).

There is no indication in the records of compliance with that part of the statute which provides:

"all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by § 15-6-56."

The record does not reflect that the trial court advised either party of its election to treat the motion as one for summary judgment prior to rendering its memorandum decision granting summary judgment to the defendant. What was said in Dale v. Hahn, 2 Cir., 1971, 440 F.2d 633, seems pertinent here:

"While (the) Rule \* \* \* provides that a motion under (the) Rule \* \* \* may be treated as a motion for summary judgment \* \* \* It seems fair to include within the term 'reasonable opportunity' some indication by the court to 'all parties' that it is treating the \* \* \* · motion as a motion for summary judgment."

In that summary judgment is an extreme remedy, we feel there must be a compliance with the statute with respect thereto, and this judgment must, therefore, be reversed.

All the Judges concur.