Joycelyn K. NEWSON, a Minor by Her Next Friend Gerald Newson, Appellant,

v.

CITY OF KANSAS CITY, Missouri and Fire Department of City of Kansas City, Missouri, and William F. Waits, Respondents.

No. WD 31340.

Missouri Court of Appeals, Western District.

Oct. 1, 1980.

Gwendolyn M. Wells, Kansas City, for appellant.

Jeffrey L. Hess, Asst. City Atty., Aaron A. Wilson, City Atty., Kansas City, for respondents.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The plaintiff appeals from dismissal with prejudice of her negligence action against the City of Kansas City, the Fire Department of Kansas City and Waits, municipal employee and firefighter. The court sustained the motion of the defendants that they were protected against such a suit under the principle of sovereign immunity.

The petition admits the municipal character of the defendant City of Kansas City and the governmental function of the defendant Fire Department. The petition ad-

mits also that Waits–alleged as the operator of a fire truck–was at the time of the casualty within the scope of duty as a fireman and in the course of a governmental function–[presumably, a response to a fire call]. The injury was alleged to result from a collision between the fire truck operated then by defendant Waits and an automobile which the plaintiff occupied. The allegations of negligence were against the defendants City and Fire Department separately for: [1] failure to provide adequate training to Waits for emergency truck operation, [2] negligent entrustment to Waits of the operation of the fire truck, and [3] failure to equip the emergency vehicle with adequate warning device. The allegations against Waits and [vicariously] against the defendants City and Fire Department on the theory of respondeat superior related in particulars to the negligent operation of the fire truck.

■ The petition acknowledges that the fire department function is governmental. [*Light v. Lang*, 539 S.W.2d 795, 798[4] (Mo. App.1976)]. Nor does the plaintiff dispute that at the time her cause of action accrued [July 3, 1977],[1] the doctrine of sovereign immunity protected a municipal instrumentality from suit for negligent performance of a governmental function. *Varnal v. Kansas City, Missouri*, 481 S.W.2d 575, 580[6] (Mo.App.1972). The plaintiff contends, rather, that § 71.185, RSMo 1978, which allows a municipality to insure against injury from tortious exercise of governmental performance, invests the petition with an element of fact which precludes judgment by dismissal: that is, whether a policy of insurance against public liability was in effect to ensure the defendant municipality against injury from the negligent governmental activity alleged so as to constitute a waiver of the sovereign immunity to the extent of the coverage. It is the effect of § 71.185 that the acquisition of liability insurance coverage by a municipality against injury from the tortious exercise of governmental function operates to waive sovereign immunity to the extent of the coverage. *Beiser v. Parkway School District*, 589 S.W.2d 277, 279 n.2 & 3 (Mo. banc 1979); *Nix v. Sweeney*, 573 F.2d 998, 1003[10] (8th Cir. 1978).[2] The actual terms of the petition, however, do not plead the effect of § 71.185 to avoid the immunity of the municipal and fire department defendants to suit in tort for governmental activity. That ground to enable suit was asserted for the first time after the motion to dismiss the petition was brought. The plaintiff made no formal request, thereafter, to amend the petition to plead the statute, and even now does not attribute error for neglect by the court to allow the statement. The sense of contention is, rather, that the court was bound to give account to § 71.185 as an element of the claim whether or not formally pleaded, and that public statute judicially noticed, a cause of action was stated free from defense of sovereign immunity.

■ The law extant at the time of the event was that an allegation of petition that a municipal instrumentality caused a tortious injury in the course of a governmental function subjected the action to dismissal for failure to state a claim. *Burke v.*

1. The judicial abrogation of the sovereign immunity principle by *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977)–except for the cases which brought about decision–was postponed to all claims which accrued on or after August 15, 1978, more than a year after injury to the plaintiff here. The common law rule of sovereign immunity was reinstated by the Laws of Missouri 1978, p. 983, § 1 with some exceptions–one of which would validate an action such as the plaintiff brings from the negligent operation of motor vehicles by public employees. § 537.600(2).

2. Section 71.185.1:

Any municipality engaged in the exercise of governmental functions may carry liability insurance and pay the premiums therefor to insure *such municipality and their employees* against claims or causes of action for property damage or personal injuries, including death, caused while in the exercise of the governmental functions, and shall be liable as in other cases of torts for property damage and personal injuries including death suffered by third persons while the municipality is engaged in the exercise of the governmental functions to the extent of the insurance so carried. [emphasis added]

*City of St. Louis,* 349 S.W.2d 930, 931[1, 2] (Mo.1961). The enactment superseded that rule of law to validate such a cause of action to the extent of the insurance coverage. Our courts are bound to take judicial notice of the domestic statutes of Missouri, and so dispense with the formal proof of that evidence. *State ex rel. Ford v. Hogan,* 324 Mo. 1130, 27 S.W.2d 21, 23 [1–3] (1930). The plaintiff contends that the rule of judicial notice invests her petition with the effect of § 71.185, although not pleaded, and so saves the cause of action of the petition against the municipal immunity in the governmental function.

■■■■ The doctrine of judicial notice is a rule of evidence which presumes the matter subject to notice as true and so does away with the formal necessity to present proof. *Timson v. Manufacturers' Coal & Coke Co.,* 220 Mo. 580, 119 S.W. 565, 569[9] (1909). The conclusiveness of the proof by judicial notice depends upon the certainty of the source of the information–among them, whether only from common knowledge [*English v. Old American Insurance Company,* 426 S.W.2d 33, 40[11–13] (Mo.1968)], or from the laws of nature [*Carter v. Skelly Oil Co.,* 363 Mo. 570, 252 S.W.2d 306, 307[2] (1952)], or from the authority of statute [e. g., § 490.700, that the courts shall judicially notice enumerations of the census]. The rule of judicial notice applies to public statutes also to supply the interstices of a petition with assumptions of ultimate fact essential to the theory of an action based upon the enactment, but not pleaded. *Pogue v. Smallen,* 285 S.W.2d 915, 918[5, 6] (Mo.1956). That exercise of the doctrine, however, does not formulate a theory of recovery for a pleader. A party who seeks avail of a public statute must state facts which bring the cause of action within its purview. *Jones v. Chicago, B. & Q. R. Co.,* 343 Mo. 1104, 125 S.W.2d 5, 12[3, 4] (1938). Thus, plaintiff need only have alleged–even without mention or reference to § 71.185– that the defendants had insured their governmental activity against injury from tort to have invoked judicial notice of the contents of that statute as an ultimate fact of the petition. *Peer v. MFA Milling Co.,* 578 S.W.2d 291, 295[3] (Mo.App.1979). As the petition stood, the allegation that injury to plaintiff was by the defendants municipality and fire department in the exercise of governmental function, without other averment of waiver of nonliability–as by purchase of liability insurance–was not actionable. The judgment of dismissal with prejudice against the municipal and fire department defendants was without error.

■■■■ The doctrine of sovereign immunity, however, protects only the body politic– the government, itself–from suits in tort and not the conduct of the public official-employee. The judgment on the petition on that principle was not valid as to the defendant Waits. A public employee, on the other hand, has an official immunity from tort liability from discretionary acts in the performance of governmental duty. *Jackson v. Wilson,* 581 S.W.2d 39, 42[1] (Mo.App. 1979). If we assume that the plea of *governmental immunity* entered by the several defendants to the petition by their motion to dismiss meant to assert the sovereign immunity of the defendants municipality and fire department and the official immunity of the defendant Waits, the judgment on the pleadings against the defendant employee was not valid. The rationale of official immunity rests on the postulate that an effective public administration is best achieved when public officials, who are given discretionary functions to perform, are free from the intimidation of litigation and damages for the exercise of that function. *Jackson v. Wilson,* supra, l.c. 42[1]. The official immunity does not extend to conduct merely ministerial: that "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." *Yelton v. Becker,* 248 S.W.2d 86, 89[3, 4] (Mo. App.1952). The discretionary function, on the other hand, transcends a merely prescribed conduct, but by necessity "requir[es] the exercise of reason in the adaptation of means to an end, and discretion in deter-

mining how or whether an act should be done or a course pursued." *Jackson v. Wilson, supra,* l.c. 43[2].

The liability the petition asserts against the defendant Waits has to do with the operation of a fire truck into an intersection in a negligent manner and also the failure to use adequate warning devices in the circumstances. These allegations do not, as a matter of law, describe either conduct "required to [be] perform[ed] in a prescribed manner"–and therefore ministerial–or conduct which inherently "requir[es] the exercise of reason in the adaptation of means to an end"–and therefore discretionary. That remains for the proof. The judgment as to the defendant Waits on the pleadings was not justified. On remand the plaintiff Newson will have opportunity to amend the petition to assert the provisions of § 71.185 as a waiver of immunity by defendant employee Waits of suit in tort for liability from the exercise of governmental function.

The judgment is affirmed as to the defendants City of Kansas City and the Fire Department of Kansas City. The judgment against the defendant Waits is reversed and remanded with direction that the petition be reinstated as to that defendant.

All concur.