Kerwin MERRILL, by Larry Merrill, his Guardian Ad Litem, Plaintiff and Appellant,

v.

Thomas BIRHANZEL, William Biehl and Pierre School District No. 32–2, Defendants and Appellees.

No. 13320.

Supreme Court of South Dakota.

Considered On Briefs Aug. 10, 1981.

Decided Sept. 23, 1981.

James Robbennolt of Duncan, Olinger, Srstka, Lovald & Robbennolt, Pierre, for plaintiff and appellant.

Robert D. Hofer of Riter, Mayer, Hofer & Riter, Pierre, for defendants and appellees.

FOSHEIM, Justice.

Appellant sustained an injury at school on November 15, 1976. The sole issue involves the summary judgment which was granted on the basis of sovereign immunity. We affirm.

Appellant participated in a physical education wrestling class which was required by the school curriculum. During the course of the wrestling match, appellant was thrown to the ground and his left ankle was broken. When the injury occurred, this particular wrestling match was being officiated by a classmate, and the class was being supervised by defendant Birhanzel, an instructor. The defendant Biehl, a teacher, was in the vicinity of the match at the time of the injury.

The South Dakota Constitution, Article III, § 27, provides: "The Legislature shall direct by law in what manner and in what courts suits may be brought against the state."

It is the settled law in this State that:

School districts are state agencies exercising and wielding a distributive portion of the sovereign power of the state, and the officers of school districts are the living agencies through whom the sovereign state act is carried into effect. A school district officer in the performance of his duties acts in a political capacity, as much so as the Governor of a state, and is not liable for negligent acts of omission occurring in the performance of such political or public duties, unless the sovereign power of the state has authorized and consented to a suit for such negligence.

*Plumbing Supply Co. v. Board of Education, Etc.,* 32 S.D. 270, 142 N.W. 1131, 1132 (1913). *See also Bailey v. Lawrence County,* 5 S.D. 393, 59 N.W. 219 (1894).

In *Schornack v. School Dist. No. 17–2 of Brown County,* 64 S.D. 215, 217, 266 N.W. 141, 142 (1936), we confirmed the immunity

concept expressed in *Plumbing Supply Co., supra,* and extended it to ultra vires acts of negligence:

> [I]f the respondent school districts did exceed the authority granted them, then the acts of the school district officers in so exceeding their authority were ultra vires, and the districts cannot be held liable for negligence in the performance of such acts which were ultra vires and beyond the officers' scope of authority. (Citations omitted.) [1]

Appellant contends, however, that by purchasing liability insurance as authorized by statute, SDCL 13–8–39 and 13–10–9,[2] the appellee school district waived immunity. In support of that contention appellant relies heavily on this language in *High-Grade Oil Co., Inc. v. Sommer,* 295 N.W.2d 736, 739 (S.D.1980).

> Finally, we look to appellants' most persuasive argument, that the purchase of liability insurance constitutes a waiver of immunity, particularly as to officers and employees of the state. The record reflects that there are two policies of liability insurance, each with substantial coverage; one apparently purchased by the State Purchasing Department and the other apparently purchased by the State Bureau of Administration. On its face it would appear that if the legislature authorized purchase of such coverage the state would not intend to spend tax dollars for something that it does not need if there is in law no liability, so its obvious intent would be to waive immunity. Yet appellants fail to cite to us and we are unable to find any statutory authority for those departments or agencies to purchase those policies. Here we again point out the distinction between governmental immunity on the state level as opposed to lower levels of government where it would seem entirely appropriate to purchase liability coverage when there is liability for proprietary as opposed to governmental acts. The cases cited by appellants all deal with liability of governmental units below the state level, so they are easily distinguishable. (Footnote omitted.)

The problem we have with appellant's contention is that school districts—unlike municipalities under SDCL ch. 9–24, and counties, townships, cities, or towns under SDCL 31–32–11—are not a governmental unit below the state level whose traditional immunity had been statutorily waived at the time of this injury. No permission to sue the defendants in tort on this type of action [3] had then been granted by the legislature.[4] Appellants cite no such statute nor are we aware of any. Absent such permission no suit could prevail. *Conway v. Humbert,* 82 S.D. 317, 145 N.W.2d 524 (1966); *Jensen v. Juul,* 66 S.D. 1, 278 N.W. 6 (1938). Authority to purchase, and the purchase of liability insurance does not provide that permission.

In *Dohrman v. Lawrence County,* 82 S.D. 207, 212, 143 N.W.2d 865, 868 (1966), we said:

> In our opinion the purchase of a liability insurance policy by Lawrence County

---

1. The allegations against the defendants Birhanzel and Biehl do not claim personal liability for any wrongful acts in excess of their official authority. See 72 Am.Jur.2d *States, Territories, and Dependencies* § 115 (1974).

2. SDCL 13–8–39 reads:

   As provided and limited by law, the school board shall have general charge, direction, and management of the schools of the district and control and care of all property belonging to it. The school board may levy taxes, borrow money, employ any necessary personnel, lease real and personal property, carry liability and other insurance, purchase all necessary books and equipment, purchase real property and erect necessary buildings for the operation of such schools.

   SDCL 13–10–9 reads:

   Any school board shall have power to carry public liability insurance protecting its employed personnel against liability suits which might be brought against them for acts of negligence while performing their duties as employees of the school district.

3. SDCL 13–16–24 imposes individual liability upon school board members for unauthorized contracts, checks or registered warrants.

4. SDCL 13–29–1 reasserts the immunity of the school district for liability in the use of school buses.

as permitted by SDC 1960 Supp. 12.0823 did not enlarge the county's responsibility. The county is authorized to carry insurance to indemnify against its statutory liability, but the fact of insurance does not create a cause of action where none existed in the absence of insurance.

We have consistently held that if there is to be a departure from the immunity rule, the policy must be declared and the extent of liability fixed by the legislature. *Arms v. Minnehaha County*, 69 S.D. 164, 7 N.W.2d 722 (1943). We adhere to this rule although we recognize that it has been subjected to considerable criticism. *Conway, supra;*

*Jerauld County v. Saint Paul-Mercury Indemnity Co.*, 76 S.D. 1, 71 N.W.2d 571 (1955).[5]

The summary judgment is accordingly affirmed.

All the Justices concur.

---

5. We note that the 1981 Legislature enacted the following statutes.

SDCL 21–32–15:

The state of South Dakota, through the commissioner of administration, may obtain and pay for public liability insurance to the extent and for the purposes deemed expedient by the commissioner for the purpose of insuring the liability of the state, its officers, agents and employees.

SDCL 21–32–16:

To the extent such liability insurance is purchased pursuant to § 21–32–15 and to the extent coverage is afforded thereunder, the state shall be deemed to have waived the common law doctrine of sovereign immunity and consented to suit in the same manner that any other party may be sued.