328 N.W.2d 259 (1982)
Linda Lee GUILLAUME, by Ileen GUILLAUME, Guardian of Linda Lee Guillaume, Plaintiff and Appellant,
v.
Darmon STAUM, George Donnelly, Charles Donnelly, Steve Taylor, Paula Boilard, and Elk Point Public School District, Defendants and Appellees.
No. 13709.
Supreme Court of South Dakota.
Considered on Briefs November 19, 1982.
Decided December 28, 1982.
*260 R. Scott Rhinehart, N. Sioux City, and James R. Minick, Elk Point, for plaintiff and appellant.
James Doyle, Delvin N.J. Welter, Yankton, John Simko, Sioux Falls, John Murphy, Elk Point, and Lyle Wirt, Sioux Falls, for defendants and appellees.
FOSHEIM, Chief Justice.
Linda Lee Guillaume (appellant) brought this action in tort against the Elk Point School District and Paula Boilard and Steve Taylor (appellees), as its employees, for personal injuries received while under Ms. Boilard's and Mr. Taylor's supervision. Appellant was a member of the Elk Point School band and was injured while engaged in a required, supervised act: picking corn to raise money for the school band. Appellees' motion for summary judgment was granted on the basis of our recent decision in Merrill v. Birhanzel, 310 N.W.2d 522, 523 (S.D. 1981), wherein we said, "No permission to sue the defendants (a school district and its employees) in tort on this type of action had then been granted by the legislature. Appellants cite no such statute nor are we aware of any. Absent such permission no suit could prevail." (Emphasis added, footnotes deleted).
Appellant raises a number of issues on appeal. However, this court granted her petition for intermediate appeal based on her statement therein that the only issue was the effect of SDCL 13-5-1. Accordingly, our review is confined to that public interest question. We affirm.
Appellant contends we erred in Birhanzel by overlooking SDCL 13-5-1, which states:
Any territory heretofore or hereafter organized for the express purpose of operating not less than a twelve-year school program and governed by a duly elected school board is defined to be a school district. It may sue and be sued, contract and be contracted with, purchase, hold, and use personal and real property for school purposes, and sell and dispose of the same. (Emphasis added).
SDCL 13-5-1 has been codified in essentially its present form since 1887. CL 1887 § 1811. The import of SDCL 13-5-1 is to confer the powers necessary and incident to contracting. This statute, which we have never interpreted as constituting permission to sue a school district in tort, was in effect when we decided Plumbing Supply Co. v. Bd. of Ed., Etc., 32 S.D. 270, 142 N.W. 1131 (1913), a case relied upon in Birhanzel.
Plumbing Supply did not recognize the "may sue or be sued" statute as a consent to tort liability. It held that absent an express consent from the Legislature, sovereign immunity applies.
[S]chool districts are classified as quasi municipal corporations ... and are regarded as public or state agencies, charged by law with the performance of public or governmental functions; that is, they are the agents of the state for the purpose of carrying into effect the functions of government, and as such are not liable to be sued civilly for damages caused by neglect to perform such duties, where such neglect is based upon acts of omission only, unless such cause of action is expressly given by statute. (Emphasis added).
*261 Id. at 1132. That is consistent with the general rule thus stated:
The courts have generally recognized a distinction between immunity from suit and immunity from tort liability, as regards the state and its governmental agencies. Accordingly, the view has generally been taken that a statute merely granting power to a school district or other public educational body to sue or be sued does not affect its tort immunity. (Emphasis added, footnotes omitted).
57 Am.Jur.2d, Municipal, School and State Tort Liability, § 73.
Jerauld County v. St. Paul-Mercury Indemnity Co., 76 S.D. 1, 71 N.W.2d 571 (1955), is consistent with that rule. Jerauld 71 N.W.2d at 575, interpreted what is now SDCL 7-18-1,[1] a statute similar to SDCL 13-5-1, permitting counties to sue and be sued. We therein said:
In maintaining and operating Memorial Hospital, Jerauld County was immune from liability on account of damages occasioned by the negligence of its employees or servants. SDC 12.1801 permits a county to sue and be sued. This is a waiver of its immunity from suit, but is not a waiver of its immunity from liability. No statute has been enacted in this state depriving a county of its immunity from liability in this regard. (Citations omitted, emphasis added).
In Conway v. Humbert, 82 S.D. 317, 145 N.W.2d 524, 526 (1966), we reaffirmed our adherence to Jerauld and the general rule with this language:
A distinction unquestionably exists between sovereign immunity from suit and sovereign immunity from liability. A consent statute would not create a cause of action in favor of a claimant. Nonetheless, in the absence of legislative enactment the state is immune from suit and liability for tort commited by an officer or employee in the performance of his duties. (Citation omitted).
Accordingly our holding in Birhanzel is consistent with our previous decisions that in the absence of a statute waiving sovereign immunity from tort liability, the "may sue and be sued" provisions of SDCL 13-5-1 do not create a cause of action in tort.
The summary judgment is affirmed.
All the Justices concur.
NOTES
[1] SDCL 7-18-1 reads: Each organized and each unorganized county is a body corporate for civil and political purposes only, and as such may sue and be sued, plead and be impleaded, in any court in this state.