Bradley D. KRINGEN, Plaintiff
and Appellant,

v.

Tom SHEA and State Board of Regents,
A Public Corporation, Defendants
and Appellees.

No. 13831.

Supreme Court of South Dakota.

Considered on Briefs March 21, 1983.

Decided May 4, 1983.

David R. Gienapp of Arneson, Issenhuth & Gienapp, Madison, for plaintiff and appellant.

Derald W. Wiehl of May, Johnson, Doyle & Becker, Sioux Falls, for defendants and appellees.

DUNN, Justice.

This is an appeal from an order of the trial court dismissing a complaint which alleged certain injuries were the result of negligent acts of omission on the part of the South Dakota State Board of Regents (Board) and one of its employees, Tom Shea (Shea). We affirm in part, reverse in part, and remand.

In April of 1981, Bradley D. Kringen (appellant) was an enrolled student at Dakota State College in Madison, South Dakota. One of appellant's courses was entitled "Beginning Gymnastics," which was being taught by Shea. On April 30, 1981, appellant was injured while performing on a trampoline during his gymnastics class. Appellant suffered an injury between the fourth and fifth vertebra of his back which rendered him a quadraplegic.

Appellant brought this action against Shea, alleging *inter alia* failure to supervise, failure to adequately instruct and supervise the utilization of the trampoline, and failure to provide proper safety instructions. Appellant also brought an action against the Board on similar theories. The trial court granted a motion to dismiss, concluding the complaint failed to state a claim upon which relief could be granted and that the complaint was barred under the doctrine of sovereign immunity. The trial court directed that the motion to dismiss be treated as one for summary judgment. Appellant now asks us to review the trial court's action.

We first must determine whether the action against the Board is barred by the doctrine of sovereign immunity. Appellant contends that SDCL 13–49–11,[1] by giving the Board the power to "sue and be sued," indicates a legislative intent that the Board not be vested with sovereign immunity. In essence, appellant urges us to recognize the "sue and be sued" statute to be legislative consent to tort liability in actions against the Board. We decline the invitation to so rule.

We need look no further than our recent decision in *Guillaume by Guillaume v. Staum,* 328 N.W.2d 259 (S.D.1982), to dispose of this issue. There, the appealing party alleged school districts were subject to tort liability as a result of SDCL 13–5–1.[2] That statute, like the one we review in the case at hand, also contains a "may sue and be sued" clause. In *Guillaume,* we concluded that: "[I]n the absence of a statute waiving sovereign immunity from tort liability, the 'may sue and be sued' provisions of SDCL 13–5–1 do not create a cause of action in tort." 328 N.W.2d at 261. *See also Jerauld County v. St. Paul-Mercury Indemnity Co.,* 76 S.D. 1, 71 N.W.2d 571 (1955).

We choose to adhere to the rationale set forth in *Guillaume,* and accordingly conclude the "sue and be sued" clause contained in SDCL 13–49–11 does not, in the absence of statutory authority expressly waiving sovereign immunity, create a cause of action in tort against the Board. Thus, that portion of the summary judgment exonerating the Board from liability is affirmed.

Finally, we address the trial court's conclusion that the doctrine of sovereign immunity protects state employees from suits as long as the employee does not commit "wrongful acts in excess of their official authority." In granting summary judgment, the trial court primarily relied on *High Grade Oil Co., Inc. v. Sommer,* 295 N.W.2d 736 (S.D.1980). Subsequent to the trial court's action, this court released several opinions on the subject of sovereign immunity. *National Bank of South Dakota v. Leir,* 325 N.W.2d 845 (S.D.1982); *Kruger v. Wilson,* 325 N.W.2d 851 (S.D.1982). In those cases, we concluded that the issue of whether immunity extends to a state employee depends on the function performed by that employee—discretionary or ministerial. Since the trial court did not have the opportunity to review this cause of action in light of these recent opinions, we reverse that portion of the summary judgment dealing with Shea's individual liability and remand the case to the trial court for further consideration in light of *Kruger* and *Leir. See Smith v. Greek,* 328 N.W.2d 261 (S.D.1982).

The order of the trial court is affirmed in part, reversed in part, and remanded.

WOLLMAN and MORGAN, JJ., concur.

HENDERSON, J., concurs specially.

FOSHEIM, C.J., concurs in part and dissents in part.

HENDERSON, Justice (specially concurring).

Although I agree with that aspect of the majority decision which affirms the trial court's judgment exonerating the State Board of Regents from liability, I specially join in the last aspect of this decision.

A Motion to Dismiss appellant's entire cause of action pursuant to SDCL 15–6–

---

1. SDCL 13–49–11 provides:

    The board of regents is, and it and its successors in office shall continue to be a corporation, or body corporate, with power to sue and be sued, to hold and manage, for the purposes for which they were established, any property belonging to the educational institutions under its control, collectively or severally, of which it shall in any manner become possessed.

2. SDCL 13–5–1 provides:

    Any territory heretofore or hereafter organized for the express purpose of operating not less than a twelve-year school program and governed by a duly elected school board is defined to be a school district. It may sue and be sued, contract and be contracted with, purchase, hold, and use personal and real property for school purposes, and sell and dispose of the same.

12(b) was served and filed by appellee. This motion was based upon the pleadings. The trial court did not simply enter an order dismissing the complaint; rather, it treated the Motion to Dismiss as a Summary Judgment Motion. Appellant's knowledge that he had been summarily judgmented out of the ball game was contained in a memorandum decision of the trial court.

There were no depositions, interrogatories, affidavits and other discovery documents in the record upon which the trial court could make a discretionary-ministerial differentiation. Appellee never interposed an answer; the lawsuit never got that far. Under SDCL 15–6–12(b), a trial court has a right to treat a motion to dismiss based upon a failure to state a claim upon which relief can be granted as a motion for summary judgment. However, this triggers a responsibility of the trial court to grant unto the parties moved against, a reasonable opportunity to present all material which is pertinent to such a motion as called for by SDCL 15–6–56. Appellant was given no such notice. Therefore, the trial court erred in this highly critical procedural matter thereby depriving appellant of his day in court. *See Olson v. Molko,* 86 S.D. 365, 195 N.W.2d 812 (1972), for case in point. Therefore, I join in a reversal in part and would accordingly remand for pretrial discovery procedures so that the issue on appellee Shea's alleged liability may be factually developed. This would permit the trial court to examine the facts and consider the criteria in making a determination of Shea's discretionary or ministerial function. Appellant, before called "out," should have a swing at the ball.

FOSHEIM, Chief Justice (concurring in part, dissenting in part).

Consistent with my dissents in *National Bank of South Dakota v. Leir,* 325 N.W.2d 845 (S.D.1982) and *Kruger v. Wilson,* 325 N.W.2d 851 (S.D.1982), I part company with that part of the majority opinion which remands and instructs the trial court to determine whether Shea's actions were discretionary or ministerial.

The facts before us are essentially identical to those in *Merrill v. Birhanzel,* 310 N.W.2d 522 (S.D.1981), which the majority either overlooked or ignored. The appellant in *Merrill* was injured while participating in a public school wrestling class supervised by an employee of the school system. The sole issue was whether the trial court's summary judgment was properly granted on the basis of sovereign immunity. In *Merrill* we reaffirmed the settled rule that "A school district officer in the performance of his duties acts in a political capacity, as much so as the Governor of a state, and is not liable for negligent acts of omission occurring in the performance of such political or public duties[.]" *Id.,* quoting *Plumbing Supply Co. v. Board of Education, etc.,* 32 S.D. 270, 142 N.W. 1131, 1132 (1931). In *Merrill* we unanimously concluded the instructors were acting within the scope of their employment and affirmed the summary judgment.

If we are in effect reversing or modifying *Merrill* why not say so? The discretionary-ministerial injections of *Leir* and *Kruger* have provided enough confusion concerning sovereign immunity. It does not need a reversal or modification by implication. It would be better to lay it on the line that we are repudiating our consistent, constitutionally based[1] position that if there is to be a departure from sovereign immunity, it must be declared, and the extent of liability fixed, by the legislature. *Arms v. Minnehaha County,* 69 S.D. 164, 7 N.W.2d 722 (1943).

1. The South Dakota Constitution, Article III, § 27, provides: "The Legislature shall direct by law in what manner and in what courts suits may be brought against the state."