Paul B. SCHAUB and Charles J. Schaub, minors, by Marjory Kean SCHAUB and Francis Schaub, guardians ad litem, and Marjory Kean Schaub and Francis Schaub in their personal capacity, Plaintiffs and Appellants,

v.

Brenda K. MOERKE, Terry L. Ellingson, and The City of Aberdeen, a municipal corporation, Defendants and Appellees.

No. 13900.

Supreme Court of South Dakota.

Considered on Briefs March 22, 1983.

Decided Sept. 7, 1983.

Bradley G. Bonynge, Sioux Falls, for plaintiffs and appellants.

Joseph H. Barnett of Siegel, Barnett & Schultz, Aberdeen, for defendants and appellees.

WOLLMAN, Justice.

This is an appeal from a summary judgment. We affirm in part and reverse and remand in part.

Appellants, Marjory and Francis Schaub, filed suit on behalf of their minor sons, Paul and Charles, for injuries sustained by Paul and Charles and medical expenses incurred as a result of the collision between a fire truck owned by the city of Aberdeen (City) and driven by Terry Ellingson and a vehicle occupied by Paul and Charles.*

City and Ellingson filed motions to dismiss based on the doctrine of sovereign immunity, submitting a brief in support of their motions. Appellants' brief in opposition to the motions to dismiss presented matters outside their amended complaint. After hearing argument on the motions, the trial court filed a memorandum decision announcing that it was treating the motions as motions for summary judgment and that it was granting summary judgment on the basis of sovereign immunity.

■ Appellants contend that it was improper for the trial court to convert the motions to dismiss into motions for summary judgment without providing them notice and opportunity to present material in opposition. We agree.

SDCL 15–6–12(b) provides in part:

If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in § 15–6–56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by § 15–6–56.

We held in *Olson v. Molko,* 86 S.D. 365, 195 N.W.2d 812 (1972), that since summary judgment is an extreme remedy, a trial court's noncompliance with SDCL 15–6–12(b) precludes granting summary judgment. Accordingly, the trial court should not have entered summary judgment against appellants.

City and Ellingson contend, however, that appellants suffered no prejudice as a result of the trial court's action in that "the application of the doctrine of sovereign immunity, would be the same, regardless of anything else that any party could have conceivably represented to the court." We disagree.

■ Appellants concede on appeal that in providing fire protection City is engaged in a governmental rather than a proprietary function. Appellants acknowledge that pursuant to *Conway v. Humbert,* 82 S.D. 317, 145 N.W.2d 524 (1966), the doctrine of governmental immunity bars their suit against City. Appellants contend, however, that governmental immunity does not bar their claim against Ellingson.

* Defendant Moerke is not a party to this appeal. The trial court entered the requisite determination of finality under SDCL 15–6–54(b).

The amended complaint states that at the time the collision occurred Ellingson was operating the fire truck in the scope of his employment as an employee for City. Appellants allege that Ellingson failed to keep the fire truck under control, failed to keep a proper lookout, failed to give appropriate warning of the presence and operation of the fire truck, and failed to operate the fire truck in a manner which was reasonably prudent under the circumstances.

Subsequent to the trial court's entry of summary judgment in this case, we addressed the issue of sovereign or governmental immunity as it relates to a governmental employee in *Kruger v. Wilson,* 325 N.W.2d 851 (S.D.1982), and in *National Bank of South Dakota v. Leir,* 325 N.W.2d 845 (S.D.1982). *See also, Kringen v. Shea,* 333 N.W.2d 445 (S.D.1983); *Smith v. Greek,* 328 N.W.2d 261 (S.D.1982). In *Leir,* we stated:

> Whether immunity is available to a governmental employee depends upon the nature of the function exercised by the employee. *Sioux Falls Const. Co. v. City of Sioux Falls,* [297 N.W.2d 454 (S.D. 1980)]; *Walters v. City of Carthage,* 36 S.D. 11, 153 N.W. 881 (1915); *State v. Ruth,* 9 S.D. 84, 68 N.W. 189 (1896); see 72 Am.Jur.2d *States* § 115 (1974). Immunity extends to an employee who, while acting within the scope of his employment, exercises a discretionary function. *Sioux Falls Const. Co. v. City of Sioux Falls, supra.* In reviewing the discretionary versus ministerial dichotomy, we have held that a state employee who "fails to perform a merely ministerial duty, is liable for the proximate results of his failure to any person to whom he owes performance of such duty." *State v. Ruth,* 9 S.D. at 90, 68 N.W. at 190. *See, Conway v. Humbert, supra; Walters v. City of Carthage, supra.*

325 N.W.2d at 848.

■ We have looked to Restatement (Second) of Torts § 895D (1979), for guidance in determining whether a function is discretionary or ministerial. *See Kruger, supra; Leir, supra; City of Sioux Falls,* *supra.* Comment (h) to § 895D lists the driving of a vehicle as an example of acts held to be ministerial under ordinary circumstances. *See also, James v. Prince George's County,* 288 Md. 315, 418 A.2d 1173 (1980); *Kruger, supra.* The comment notes, however, that under particular fact circumstances, each of the examples listed may be held to involve the exercise of a discretionary decision.

*Newson v. City of Kansas City,* 606 S.W.2d 487 (Mo.App.1980), involved an immunity issue similar to the one presented in this case. The Missouri court stated:

> The liability the petition asserts against the defendant Waits has to do with the operation of a fire truck into an intersection in a negligent manner and also the failure to use adequate warning devices in the circumstances. These allegations do not, as a matter of law, describe either conduct "required to [be] perform[ed] in a prescribed manner"—and therefore ministerial—or conduct which inherently "requir[es] the exercise of reason in the adaptation of means to an end"—and therefore discretionary. That remains for the proof.

606 S.W.2d at 491.

■ Although it may very well be difficult to conceive of cases in which the operation of a fire truck would constitute a discretionary act, that is a matter to be considered by the trial court in the first instance.

That portion of the summary judgment in favor of City is affirmed. That portion in favor of Ellingson is reversed and the case is remanded to the circuit court for further proceedings.

DUNN and MORGAN, J., concur.

HENDERSON, J., concurs specially.

FOSHEIM, C.J., concurs in part and dissents in part.

HENDERSON, Justice (concurring specially).

That the City of Aberdeen, or any other city in South Dakota, is immune, as it scur-

ries to put out the fires, I have no reservation. Accordingly, I concur in that aspect of the majority opinion. But the immunity of this fireman, driving the city's fire truck responding to a fire alarm, is a totally different issue. Can we in the law affix individual liability on him? As the majority opinion perceives, ordinarily, I should think not. *See Shawnee Tp. Fire Dist. No. 1 v. Morgan,* 221 Kan. 271, 559 P.2d 1141 (1977). On a hypothetical level, a situation could arise where a drunk fireman operating a fire truck in response to a fire alarm, could kill or maim someone. It appears this fireman was acting within his scope of employment as an employee for the City of Aberdeen when the collision occurred. It further appears that he and the City were involved in governmental functions. It is the traditional governmental/proprietary function test which is presently at issue. It does not appear the fireman herein served a proprietary function.

If firemen are successfully sued for responding to fires, as they exercise their governmental function to stop the spread of fires, I fear that firemen will leave their vocation for safer legal ground. Firemen, after all, are trying to minimize damage and protect the public's best interests. Therefore, in my opinion, a fireman should only be subject to liability when he acts in reckless disregard for the safety of others which is clearly without the scope of his employment. SDCL 32–31–5 provides:

> The provisions of this chapter shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.

Firemen deserve legal latitude when called upon to save life and limb. The undeniable truth is that the public calls upon firemen to execute a dangerous journey through traffic en route to a perilous mission. We need to recognize that these public servants must of necessity rush to a fire. *See* SDCL 32–31–4, which provides:

> The speed limit set out in §§ 32–25–1 to 32–25–17, inclusive, does not apply to authorized emergency vehicles when responding to emergency calls provided the drivers thereof sound audible signals by siren or horn and two lighted red lights are displayed to the front, or one beacon light visible 360°, or to authorized emergency vehicles operated by peace officers who are measuring the speed of other vehicles by use of the emergency vehicle speedometer. Moreover, the driver of an ambulance who has been certified pursuant to § 34–11–6 and who, due to his training and experience, believes that the operation of audible signals would result in a serious threat to the condition of the patient may operate his emergency vehicle in excess of the speed limit without audible signals while operating outside the city limits of a municipality.

When we call upon firemen to act, we must legally insulate their actions executed in furtherance of their mission. It is wrong, in law, to be unduly critical of an on-the-scene judgment.

Substantively, I now have written.

Procedurally, I point out that appellants never got to "swing at the ball" when they were summarily judgmented out of the lawsuit. This legal point I brought home in *Kringen v. Shea,* 333 N.W.2d 445, 447 (S.D. 1983) (Henderson, J., specially concurring), when I stated:

> The trial court did not simply enter an order dismissing the complaint; rather, it treated the Motion to Dismiss as a Summary Judgment Motion. . . .
>
> . . . Under SDCL 15–6–12(b), a trial court has a right to treat a motion to dismiss based upon a failure to state a claim upon which relief can be granted as a motion for summary judgment. However, this triggers a responsibility of the trial court to grant unto the parties moved against, a reasonable opportunity to present all material which is pertinent to such a motion as called for by SDCL 15–6–56. Appellant was given no such notice. Therefore, the trial court erred in this highly critical procedural matter thereby depriving appellant of his day in

court. *See Olson v. Molko,* 86 S.D. 365, 195 N.W.2d 812 (1972), for case in point. Therefore, I join in a reversal in part and would accordingly remand for pretrial discovery procedures so that the issue on appellee Shea's alleged liability may be factually developed. This would permit the trial court to examine the facts and consider the criteria in making a determination of Shea's discretionary or ministerial function. Appellant, before called "out," should have a swing at the ball.

Therefore, I agree with the majority that the trial court's procedural transformation of a motion to dismiss into a summary judgment was fatally flawed and thus prejudicial error.

I wish to note for the record that I did not participate in the decision of *Leir* and I am not bound by the precedent therein.

FOSHEIM, Chief Justice (concurring in part and dissenting in part).

I agree with the majority decision affirming dismissal of the action against the city. I would, however, also affirm dismissal of the action against the city employee. We have held that a unit of state government can act only through its employees. *Norgeot v. State,* 334 N.W.2d 501 (S.D.1983); *Merrill v. Birhanzel,* 310 N.W.2d 522 (S.D. 1981). It logically follows that a municipal employee, acting within the scope of his employment, and thus performing the governmental will, should derive the same immunity as his employer.

*Sioux Falls Construction Co. v. City of Sioux Falls,* 297 N.W.2d 454 (S.D.1980), set forth the concept that, in determining whether municipal immunity extends to an employee, a court should inquire into the nature of the function exercised by the employee. *National Bank of South Dakota v. Leir,* 325 N.W.2d 845 (S.D.1982). If the activity was ministerial, personal liability attached to the employee; if discretionary—no liability. We embraced this rule while recognizing its chaotic potential:

> We perceive the possibility of some instances where a city could be immune while exercising a governmental function, yet an officer could be liable; or, in the alternative, a situation where a city could be liable while acting in a proprietary function, yet the officer could be immune.
>
> *To uphold governmental immunity as to the governmental unit only, while allowing the officers, agents, and employees to be held liable, would be chaotic.*

*Sioux Falls Construction Co. v. City of Sioux Falls, supra,* at 458 (emphasis added). That dreaded chaos now appears. The majority would hold the City of Aberdeen immune while its employee could be liable for acts performed in the scope of his employment.